COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


CHARLES S. ROWE

v.   Record No. 0981-99-2

MARY ANN ROWE                                    OPINION BY
                                        JUDGE SAM W. COLEMAN III
MARY ANN ROWE                                   AUGUST 22, 2000

v.   Record No. 1028-99-2

CHARLES S. ROWE


        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
              Richard H. C. Taylor, Judge Designate

        Carl F. Bowmer (Christian & Barton, L.L.P.,
        on briefs), for Charles S. Rowe.

        E. Duncan Getchell, Jr. (Robert H.
        Patterson, Jr.; Richard Cullen; Paul G.
        Watson, IV; McGuire, Woods, Battle and
        Boothe, L.L.P., on briefs), for Mary Ann
        Rowe.


     Both Charles S. Rowe and Mary Anne Rowe appeal the circuit

court's order, which essentially reaffirmed and reinstated the

trial court's prior equitable distribution and spousal support

awards that we reversed in an earlier appeal and remanded for

reconsideration.  See Rowe v. Rowe, 24 Va. App. 123, 480 S.E.2d

---

[*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

760 (1997).  For the reasons set forth below, we again reverse the trial court and remand the case for further proceedings in accordance with the following rulings.

## I.  BACKGROUND

The pertinent underlying facts are set forth in our prior opinion.  See 24 Va. App. at 130-34, 480 S.E.2d at 763-64.

Husband and wife were married on May 1, 1970.  The parties' major assets were obtained with funds received from husband's position as co-editor, co-publisher, and a principal stockholder of the Free Lance-Star, a family-owned newspaper in Fredericksburg.  After husband and his brother inherited the newspaper from their father in 1949, they divided its operation between them; husband assumed responsibility for the news-editorial side, while his brother served as business manager.  Over the years, the newspaper grew substantially and profited.  Husband's expert witness calculated that the newspaper's stock increased in value from $500 per share in 1970 to $9,500 per share in 1991.  Also, during the course of the parties' marriage, husband received $14,000,000 in salary and dividends from the newspaper.  When the parties married, they moved into husband's home on Ingleside Drive.  Four years later, husband sold the Ingleside Drive property for $82,000, and the parties purchased the marital home on Hanover Street, in which

husband invested the $82,000 proceeds from the Ingleside Drive home.

The parties were divorced by final decree on December 1, 1993. In March 1996, the circuit court entered its equitable distribution and spousal support decree. The trial court made an equitable distribution award to wife of $4,204,530, awarded wife $10,000 per month in spousal support, and awarded her $50,000 for attorney's fees and court costs. In doing so, the trial court affirmed the Commissioner in Chancery's report, which recommended that one-half, or $41,000, of the Ingleside Drive sale proceeds remain husband's separate property. Both parties appealed from that decree. We reversed the trial court's rulings on several issues and remanded the case with instructions. On remand, the trial judge, with few exceptions, reaffirmed his prior rulings and the equitable distribution and spousal support awards. The trial judge's disregard of our opinion and mandate on remand has prompted and necessitated the parties' second appeal.

To place matters in a proper context, we note that in the parties' first appeals, wife asserted, inter alia, that the trial court erred by accepting husband's valuation of the newspaper stock. Husband asserted that the trial court erred by classifying the entire increase in value of the newspaper stock between 1970 and 1991 as marital property. He argued the

- 3 -

$14,000,000 in salary and stock dividends that he received as compensation from the newspaper during the marriage represented the actual value of his marital effort and, thus, precluded classification of the entire increase of the stock appreciation as a marital asset. Husband also contended the trial court erred by classifying only $41,000 in value of the parties' marital residence as his separate property because the entire $82,000, constituting the proceeds from the sale of his premarital home, was the value of his separate interest. He also asserted the trial court erred in determining the amount of the monthly spousal support award.

On appeal, we held that: (1) the trial court did not err in the <u>valuation</u> of the newspaper stock; however, it erred in <u>classifying</u> the entire increase in value of husband's stock as marital property because fifty percent or more of the increase was attributable to the efforts of husband's brother and/or passive economic factors; (2) the amount of compensation paid to husband by the newspaper for his services, whether inadequate or excessive, was but a factor to consider in determining the amount of marital wealth attributable to marital effort; (3) the trial court erred in treating only $41,000 of the $82,000 of the Ingleside Drive sale proceeds invested in the parties' marital home as gifted, marital property; (4) the court properly refused to award wife one-half of husband's retirement benefits and the

court had the power to order the husband to pay wife's designee, if wife predeceased husband; (5) the court erred in classifying all of husband's post-separation pension contributions as marital but did not err in refusing wife's proffer concerning husband's separate contributions because wife failed to timely offer supplemental evidence; and (6) the trial court correctly deducted wife's litigation expenses from her list of other expenses in valuing her accounts because she failed to timely present evidence concerning her litigation expenses. Because the trial court had to reconsider, on remand, classification of the increase in the value of husband's stock and distribution of the $82,000 proceeds from the Ingleside Drive home gifted by husband, we also held that the spousal support award must be reconsidered.

While the case was pending on appeal, husband sold his newspaper stock for an amount far in excess of that valued by the experts in 1991. On remand, wife filed a motion for re-valuation of the stock. The trial court denied that motion. In denying wife's motion for re-valuation of the stock, the trial judge ruled, "The change in value of the Free Lance-Star stock based upon Husband's sale of the Free Lance-Star stock to his brother long after the separation, divorce and opinion by the Court of Appeals does not affect the value as determined by the Commissioner and set forth in the distribution order." The

trial judge specifically noted that we had ruled the trial court erred by finding "the entire increase in [value of] Husband's stock was due to his personal efforts" and that we instructed the trial court to consider on remand, as a factor in determining the extent to which husband's personal efforts had contributed to the increase in value of his stock, the fact that husband may have been overcompensated for his efforts by receiving $14,000,000 in salary and stock dividends during the marriage. Disregarding our decision, the trial judge held that "[b]ecause the Commissioner and [the trial court] considered both factors and with sufficient evidence, the ultimate finding [that the entire increase in value of the stock was marital] was a judgment call properly considered and supported."

Additionally, the trial court ruled on remand that: (1) husband shall pay wife 25.6 percent of each of his pension payments; (2) the "entire sum of $82,000.00 invested in 'Hanover Street' by Husband and classified by the Court of Appeals as marital property shall be distributed to Wife"; (3) wife's motion for updated discovery and valuation of marital assets was denied; and (4) the "findings concerning spousal support, litigation expenses, and post-separation deposits and withdrawals have been reconsidered, and the Court FINDS that the original determination as set forth in the Final Decree of

March 15, 1996 constitutes a distribution which is fair and equitable to each party."

A trial judge is bound by a decision and mandate from this Court, unless we have acted outside our jurisdiction. A trial court has no discretion to disregard our lawful mandate. When a case is remanded to a trial court from an appellate court, the refusal of the trial court to follow the appellate court mandate constitutes reversible error. See 1B Michie's Jurisprudence Appeal and Error § 349 (M.J. Divine & G.E. Legner eds. 1995); see also Nassif v. Board of Supervisors, 231 Va. 472, 480, 345 S.E.2d 520, 525 (1986) (stating that "[w]hen this Court rules that the judgment of a trial court is erroneous it does not matter whether that judgment is erroneous for one reason or ten; it is no longer viable").

Furthermore, a trial judge violates his or her oath of office by willfully refusing to abide by the rulings of an appellate court concerning the very case on appeal from the trial court, regardless of how erroneous the trial judge may consider the appellate ruling to be. Moreover, the Canons of Judicial Conduct provide that "[a] judge shall be faithful to the law . . . ," Canons of Judicial Conduct for the State of Virginia Canon 3(B)(2) (1999), and "[a] judge should respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of

the judiciary." Canon 2(A). Here, the trial judge expressly refused to follow or abide by our opinion, mandate, and instructions on remand.

## II.  ISSUES

In the present appeal, husband contends the trial court erred in its remand decree:  (1) by classifying a portion of the increase in value of the Free Lance-Star stock as marital property; (2) in awarding wife the entire sum of $82,000, representing the proceeds from the sale of husband's separate property, which he invested in the marital home; and (3) in failing to modify its previous spousal support award.  Wife also appeals, contending that the trial court erred by:  (1) failing to re-value the Free Lance-Star stock to determine the actual fair market value because husband had sold the stock while the case was pending on appeal; (2) failing to determine the post-separation increases in value of other marital assets; (3) failing to reconsider the award of attorney's fees; and (4) refusing to allow discovery or to conduct an evidentiary hearing.

## III.  ANALYSIS

### A.  Appreciation in Value of Newspaper Stock

#### 1.  Classification

The trial judge classified the entire $3,933,000 increase in value of the newspaper stock during the marriage as marital

- 8 -

property and awarded wife one-half of that increased value or $1,966,500. We held in the first appeal that "the trial court erred in classifying the entire increase in the value of husband's stock as marital property because fifty percent or more of the increase was attributable to the efforts of husband's brother and/or passive economic factors." Rowe, 24 Va. App. at 129-30, 480 S.E.2d at 763.

Husband contends that the foregoing ruling became the law of the case and, based on that holding, no more than fifty percent of the increase in value of the stock can be considered marital property. Husband contends that the trial court erred on remand in failing to abide by that holding. Husband also asserts that the trial court erred on remand by failing to give proper consideration to the extent to which the marital estate was overcompensated by husband having received $14,000,000 in salary and dividends during the marriage. Husband contends that, when properly considered, this factor reduces the extent to which his personal efforts should account for the increase in the stock's value.

We held in the first appeal that a substantial portion of the increase in the stock's value was attributable to the growth in value of husband's original separate investment due to market forces and the efforts of third parties. We concluded that the increase in value was not entirely attributable to husband's

personal efforts and, therefore, intimated that a substantial portion of the increase in value was attributable to the passive growth of husband's original separate asset at the time of the marriage.  We expressly pointed out that "Code § 20-107.3(A)(3)(a) provides that '[i]n the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases."  Id. at 133, 480 S.E.2d at 764 (emphasis added).  It was clear on the record before us in the prior appeal that husband's personal efforts did not solely account for the increase in value of his stock from $500 per share in 1970 to $9,500 per share in 1991.  We directed that on remand the "increase classifiable as marital should reflect only that [appreciation] attributable to husband's personal efforts and not those of husband's brother or passive efforts, such as population growth and minimal inflation."  Id. at 134, 480 S.E.2d at 765.

At trial, husband contended and presented evidence that a significant portion of the increase in value of the stock was not attributable to his personal efforts, but rather was attributable to the increase in the circulation of the newspaper, the dramatic population growth in the Fredericksburg area, and slow inflation.  Husband also asserted that his

brother was more responsible for the increase in the value of the newspaper's stock than he was. Husband produced evidence that during the marriage his responsibilities at the newspaper had steadily decreased as he became more involved in "national newspaper activities," which took him away from the Fredericksburg area and away from the Free Lance-Star. He contends that those efforts should not be considered marital efforts attributable to his duties with the Free Lance-Star or affecting the increase in value of his interest in the newspaper. Husband also introduced evidence that, during this period, his brother's efforts and duties at the newspaper had increased. As we previously noted, "Husband's brother was solely responsible for the three expansions of the newspaper plant and was in charge of every other activity and function of the paper, with the exception of the news department." Id. at 134, 480 S.E.2d at 765. Indeed, we further noted that "Wife indicated at trial that husband's brother was at least equally responsible for the increase in the value of the paper." Id. From that evidence, the panel held as follows:

> [W]e hold that the trial court erred in finding that the entire increase in the value of husband's Free Lance-Star stock was due to his personal efforts. The increase classifiable as marital should reflect only that attributable to husband's personal efforts and not those of husband's brother

or passive factors, such as population
growth and minimal inflation.

Id.

Despite our holding, on remand, the trial court held that "the ultimate finding [in the prior decision] was a judgment call properly considered and supported." In a letter opinion dated June 8, 1998, the trial judge stated:

The Court of Appeals failed to recognize the weight of the factor of excessive compensation balanced the finding as to the value of the increase in [husband's] stock during marriage. Having taken days to review the inordinate amount of evidence, this Court is convinced that those factors were appropriately considered in the original findings.

It is clear from the record that the trial judge, on remand, did not re-examine the issue or make any effort to classify how much of the appreciation in value was marital and how much separate. In fact, it appears the trial judge did not comprehend that a significant portion of the increase in value of the stock, based on the facts in this record, necessarily had to be based on a passive increase in value of the original investment, even if the evidence showed that the brothers' personal efforts in expanding the paper in 1980 and 1990 were the major factors causing the appreciation in value.

Under the law of the case doctrine, we and the parties are bound by our previous determination that the trial court erred by finding the entire increase in value of husband's stock was

due to his personal efforts and that the "increase classifiable as marital should reflect only that attributable to husband's personal efforts."

> "The [law of the case] doctrine, briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal. Right or wrong, it is binding on both the trial court and the appellate court, and is not subject to re-examination by either. For the purpose of that case, though only for that case, the decision on the first appeal is law."

American Filtrona Co. v. Hanford, 16 Va. App. 159, 164, 428 S.E.2d 511, 514 (1993) (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 620, 93 S.E. 684, 687 (1917)). To allow a trial judge to disregard the holding of a previous panel would be an inefficient administration of justice, increasing the "labor of appellate courts and the costs to litigation," Steinman at 621, 93 S.E.2d at 687, and would promote uncertainty in a court's decision.

Without deciding the extent to which husband's active personal efforts over the years increased the value of his stock, we remanded the case with instructions to the trial court to consider the extent to which the increase in value was attributable to factors other than husband's personal efforts. On remand, however, the trial court disregarded our holding and

- 13 -

instructions.[1]  Accordingly, the trial court's ruling on remand

was erroneous, and we again reverse and remand the issue of the

classification of the appreciation in value of husband's

newspaper stock.

### 2.  Re-valuation

While the case was on appeal, husband sold the newspaper

stock in 1997 for $41,184.04 per share as compared to the

estimated value of $9,500 per share in 1991, which the trial

court had accepted for valuation purposes.  Upon remand, wife

filed a motion for re-valuation of the stock because in the

interim, her interest in the marital share of the stock had sold

for a much higher price and she had not received her share of

the stock or the proceeds from the stock.  She claimed that she

was entitled to the increase in value of this marital asset

which husband continued to hold.

---

[1] We note that in the preliminary summary of the case, the panel held as follows:  "the trial court erred in classifying the entire increase in the value of husband's stock as marital property because fifty percent or more of the increase was attributable to the efforts of husband's brother and/or passive economic factors."  Rowe, 24 Va. App. at 129-30, 480 S.E.2d at 763.  While this statement was not based on a factual finding by the trial court, it clearly was a summary of our analysis of the evidence and our "hold[ing] that the trial court erred in finding that the entire increase in value of husband's . . . stock was [attributable] to [husband's] personal efforts."  Id. at 134, 480 S.E.2d at 765.  As we further held, "The increase classifiable as marital should reflect only that attributable to husband's personal efforts and not those of husband's brother or passive factors, such as population growth and minimal inflation."  Id. at 134, 480 S.E.2d at 765.

In a letter opinion dated June 8, 1998, the trial judge stated:

> Stock is what you can get for it. Here the memorandum of the [wife] establishes a baseline. This was paid for by [husband]. But what made it happen was the employment of the evaluator by [husband] and [husband's] position that if you don't buy at that price, you must sell and whoever wins gets all control. This is what establishes the value and none of it can be assigned to any cause or person other than [husband].

The trial court ruled in its final decree after remand that "[t]he change in value of the Free Lance-Star stock based upon Husband's sale of the . . . stock to his brother long after the separation, divorce and opinion by the Court of Appeals does not affect the value as determined by the Commissioner and set forth in the distribution order."

We hold that the trial judge abused his discretion and erred by failing to re-value the stock on remand when the asset had been held by one party for such a lengthy period of time and its value, including the value to which wife was entitled, had greatly changed. "We have stressed that the trial judge in evaluating marital property should select a valuation 'that will provide the Court with the most current and accurate information available which avoids inequitable results.'" Gaynor v. Hird, 11 Va. App. 588, 593, 400 S.E.2d 788, 790-91 (1991) (quoting Mitchell v. Mitchell, 4 Va. App. 113, 118, 355 S.E.2d 18, 21

- 15 -

(1987)); see also Wagner v. Wagner, 16 Va. App. 529, 531, 431

S.E.2d 77, 78 (1993) (en banc) (stating that "the reasons for

re-valuation on remand are the same as in the original hearing

-- to obtain the most accurate valuation and equitable

distribution").  We held that because the Code "does not fix a

date for determining the value of [the parties' assets], the

trial court must select a valuation date if the parties cannot

agree to one."  Mitchell, 4 Va. App. at 118, 355 S.E.2d at 21.

The 1998 amendments to Code § 20-107.3(A) codified the rule

announced in Mitchell.  Code § 20-1047.3(A) provides:

> The court shall determine the value of any
> such property as of the date of the
> evidentiary hearing on the evaluation issue.
> Upon motion of either party made no less
> than twenty-one days before the evidentiary
> hearing the court may, for good cause shown,
> in order to attain the ends of justice,
> order that a different valuation be used.

In Wagner, the trial court valued husband's pension

benefits before the first appeal and, on remand, the trial court

re-valued the property.  On appeal, husband argued that the

trial court erred in re-valuing the property because the

increase in value was due to his efforts.  We held that the

trial court did not err in re-valuing the asset to obtain the

most accurate valuation at the time of the equitable

distribution of the asset.  See Wagner, 16 Va. App. at 531-32,

431 S.E.2d at 78-79.

- 16 -

In the present case, we find that the trial judge erred in failing to re-value the stock on remand. Where an asset that is subject to equitable distribution is retained by one of the parties for a period of time after valuation but before the equitable division occurs and the asset significantly increases or decreases in value during that time through neither the efforts or fault of either party, neither party should disproportionately suffer the loss or benefit from the windfall. Under those circumstances, a trial court abuses its discretion by failing to re-value the property when a party has made a timely motion to do so and is prepared to present evidence on the issue. Here, the value of the stock was readily ascertainable because husband sold the stock in 1997. Not only did the value of the stock increase, but in those six years it increased more than four times the value estimated by the expert witnesses in 1991. Generally, there can be no better guide to determine an asset's worth than the price it commanded in an arm's-length sale. While a trial court will usually have discretion to determine the date on which an asset will be valued, the date chosen "should be one that will provide the Court with the most current and accurate information available which avoids inequitable results." Mitchell, 4 Va. App. at 118, 355 S.E.2d at 21.

In his letter opinion dated June 8, 1998, the trial judge found that the appreciation in value of the stock, since its $9,500 per share value in 1991 and its $41,184.04 per share value in 1997 when it was sold, was due solely to husband's active efforts in employing an evaluator and his hard-line bargaining with his brother to avoid bringing a stranger into the company. This evidence does not support the trial judge's finding that the increase in value was due to husband's active efforts. Merely bargaining to obtain the best price for an asset is not the type of active effort that adds intrinsic value to an asset or increases its worth. No evidence supports the trial judge's conclusion that husband's efforts caused the stock to increase in value between 1991, the date it was valued for equitable distribution purposes, and 1997, when it was sold.

The evidence is consistent with the conclusion, however, that the increase was due to passive economic factors and the fact that the sale between the brothers as major stockholders in the closely-held corporation enabled husband to demand and receive a premium price for the stock. "Where marital property appreciates pending the appeal because of inflation, market forces, or other passive cause, . . . both parties should share in the gain in value." Brett R. Turner, <u>Equitable Distribution of Property</u> § 7.02, at 430 (2d ed. Supp. 1999). While the sales price may reflect the value the stock could command in this

particular situation, rather than an actual appreciation in value in those six years, the issue is the value of the stock to these parties when the asset is divided between them. One clear measure of the true value to them obviously is the value for which it sells. We, therefore, instruct the trial judge on remand, after determining what portion of the stock is classified as marital in accord with our holding in Part 2, to receive evidence of the actual sales price of the stock in determining its value for purposes of the equitable distribution award.

Furthermore, because the evidence has changed concerning the value of the stock in light of its being sold, the law of the case doctrine does not apply in determining the appreciation in value of the stock, which includes the estimated value of the stock in 1970 when the parties married. We note that in the first appeal, we held that the trial judge did not abuse his discretion in accepting husband's expert's valuation that the stock was valued at $500 per share in 1970 and $9,500 per share in 1991 and that the expert's valuations were not plainly wrong. See Rowe, 24 Va. App. at 140-41, 480 S.E.2d at 768. However, where material facts have changed between the first appeal and the second, the law of the case doctrine is inapplicable.

> Nothing is more common than a material
> difference between the facts presented on a
> second trial from those shown on the first
> trial, and the "law of the case" is

- 19 -

> applicable to the state of facts existing at
> the time the law is announced.  There is
> nothing in the rule to inhibit a party, on a
> second trial, from supplying omitted facts
> or from averring a different state of facts.

Steinman, 121 Va. at 622, 93 S.E.2d at 688 (citation omitted).

The previously-determined values in 1970 and 1991 were based upon the opinions and estimates of expert witnesses and were, according to the witnesses, deflated values, in part because the stock was discounted due to generally limited marketability of stock in a closely-held corporation.  As it developed, the fact that the brothers in this closely-held corporation did not want strangers owning stock in the corporation resulted in the stock being sold at a premium price, rather than a discounted price.  It is the premium price that we are requiring the court to consider on remand for purposes of determining the appreciated value of the stock.  However, it would be manifestly unfair on remand for the court to use the discounted estimated value of $500 per share as the basis for determining how much the stock appreciated in value between 1970 and 1997 and to deduct that value from the premium sales price of $41,184.04 per share in 1997 in order to determine how much the stock appreciated.  To the extent the estimated value of the stock at the time of the marriage in 1970 should bear some relationship to its actual sales price twenty years later, we hold that, on remand, the trial court shall reconsider and

determine the premium value of the stock at the time of the marriage in 1970. To do otherwise would unjustifiably inflate the amount the stock had appreciated between its estimated discounted value in 1970 and the premium sale price value in 1997.

## B. Hanover Street Property

After their marriage, the parties lived in husband's home on Ingleside Drive. Four years later, the parties moved to a new home on Hanover Street, in which husband invested the $82,000 sale proceeds from the Ingleside Drive home. The parties held the Hanover Street home as joint tenants. For equitable distribution purposes, the Hanover Street property was valued at $512,992.

The trial court found that $41,000 of the Hanover Street property was husband's separate property. The balance of $41,000 was marital property. Husband argued that the entire $82,000 from the sale of the Ingleside Drive home should be treated as separate property. We held in the first appeal that the trial court erred in finding that only $41,000 of the sale proceeds was gifted marital property, and we held that the entire $82,000 was marital property. See Rowe, 24 Va. App. at 138, 480 S.E.2d at 767. Although the entire $82,000 was retraceable as property husband owned before marriage, it was

- 21 -

marital because husband had made a gift of one-half undivided
interest in the Hanover property to wife.  We stated that,

> the parties purchased the home to serve as
> their home and that the new home was
> purchased in order to accommodate the
> parties' growing family.  Husband placed no
> reservations on the transfers of title
> permitting him to reclaim the property upon
> divorce or any other circumstance.  Further,
> wife testified that husband had said to her
> that his property was also her property.
> These circumstances, in combination with the
> fact that the house was conveyed by joint
> title, are evidence that a gift was intended
> and therefore that the entire sum of $82,000
> was marital property.

Id. at 137-38, 480 S.E.2d at 766-67.

While we found that the entire $82,000 was marital
property, we specifically held that, on remand, "the trial court
was not bound to make an equal distribution of the property."
Id. at 138, 480 S.E.2d at 767.  We remanded the issue to the
trial court to properly classify the entire asset as marital
property and then to determine how the asset should be equitably
distributed.  Moreover, by ruling that the court erred in
classifying $41,000 as husband's separate property, we did not
hold or imply that husband was not entitled to a portion of that
marital asset.  We stated that, "[t]he trial court must give
careful consideration to the gifted status of martial property,
but the equitable award of marital property is ultimately to be
determined by the trial court's consideration of the evidence
and application of the Code § 20-107.3(E) factors."  Id.

- 22 -

On remand, the trial judge, in a letter opinion dated January 20, 1999, stated:

> The Court of Appeals found that the entire sum of $82,000.00 invested in "Hanover Street" by husband was originally separate property, then gifted to wife becoming marital property, but the division should be reexamined. Considering factors necessary to arrive at a fair and equitable award, and examining the evidence in that light, this Court finds that the entire $82,000.00, classified as marital, must be distributed to wife.

Without considering the statutory factors of Code § 20-107.3(E) in determining how to distribute marital property, in particular, the rights and equities of the parties, the trial judge merely awarded wife the entire marital asset of $82,000.

Although the trial judge stated that he considered the "factors necessary to arrive at a fair and equitable award," nothing in the record suggests that the trial court considered or applied the statutory factors. See generally Theismann v. Theismann, 22 Va. App. 557, 568, 471 S.E.2d 809, 814 (1996), aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). We, therefore, find that the trial judge again erred in distributing the $82,000 portion of the Hanover property. Accordingly, on remand, we instruct the trial judge to consider the evidence and the factors set forth in Code § 20-107.3(E) in distributing the $82,000, which is a discreet marital asset apart from the remaining value of the Hanover home.

## C.  Spousal Support Award

Husband argues that, on remand, the trial court erred in reaffirming its prior spousal support award, after being directed by us to reconsider the award.  Specifically, he argues that the trial judge failed to consider the "income generating potential of the marital award."

In the first appeal, we found that, although the trial judge heard evidence addressing the factors in Code § 20-107.1,[2] it was "unclear from the record whether the court considered the impact of the final . . . equitable distribution award on the spousal support needs of wife."  Rowe, 24 Va. App. at 139, 480 S.E.2d at 767.  We noted that failure to consider the factors set forth in Code § 20-107.1 constitutes reversible error, see Woolley v. Woolley, 3 Va. App. 337, 344, 349 S.E.2d 422, 426 (1986), and we instructed the court to consider "the income generating potential of the marital award as well as other income and expenses generated by the asset assignment constituting the equitable distribution award."  Rowe, 24 Va. App. at 139, 480 S.E.2d at 767.  We also held that because "the trial court erred in classifying the full appreciation of husband's Free Lance-Star stock as marital property, a new

---

[2] Code § 20-107.1(8) provides that in determining the amount of a spousal support award, the court shall consider the provisions made with regard to the marital property under Code § 20-107.3.

- 24 -

equitable distribution award must be made, requiring
reconsideration of the spousal support award."  Id.

On remand, the trial court stated that the spousal support
award had been reconsidered and found that "the original
determination as set forth in the Final Decree of March 15, 1996
constitutes a distribution which is fair and equitable to each
party."  (Emphasis added.)  Apparently, because the trial court
left its original equitable distribution award intact, other
than effectively awarding wife an additional $41,000 from the
value of the Hanover property, the trial court determined that
it was unnecessary to reconsider the spousal support issue.
Because the trial court must reconsider the classification of
the increase in value and must re-value the newspaper stock, the
court will necessarily be required to reconsider spousal support
as provided by Code § 107.1(8).

### D.  Value Post-Separation Increase in Assets

Wife contends that, on remand, the trial judge failed to
value the post-separation increase in the marital assets,
including dividends from the Free Lance-Star stock as well as
the parties' investment accounts.  We held in the first appeal
that if "property or some portion thereof which generated the
dividends was marital, the dividends attributable to the marital
property would properly be classified as marital."  Id. at 143,
480 S.E.2d at 769.  Accordingly, because the stock had not been

distributed or the cash equivalent disbursed to wife, we instruct the trial court as stated in part A, to determine what portion of the appreciation in the stock's value is marital and what portion is husband's separate property and then to classify the earnings attributable to the martial portion as marital.

Husband concedes that the trial court erred by failing to include the post-separation dividends received on the marital share of the Free Lance-Star stock. However, husband argues that re-valuation of other marital assets, specifically the investment accounts, would be improper because those accounts were equitably distributed between the parties by agreement and distributed pursuant to the final decree by wife having received the value of those accounts. Thus, he asserts, the rights of wife in the funds extinguished when she was paid her share and she is not entitled to the increase in value of those funds. Husband argues that the "assets have lost their character as marital property, and are no longer subject to further division or valuation." Wife asserts that the "reversed award valued the assets at issue instead of distributing them and awarded cash equivalents."

In the March 1996 final decree, the trial judge noted that "[a]lthough the Commissioner's report directed that the marital assets are to be divided equally, the Report fails to value and classify certain assets and to specify how the division of

marital assets shall be accomplished."  At the trial judge's direction, the parties prepared a proposed plan of distribution, which they designated as Schedule A.  Schedule A classified and valued all of the marital assets.  The trial judge ordered that the assets be valued, classified, and distributed in the manner set forth in the document, stating that "the interest of each party in the property distributed or ordered transferred to the other is hereby extinguished."

We cannot ascertain on this record which of the assets have been distributed or liquidated or which assets have been valued and the cash equivalents paid.  To the extent the assets have not been distributed or the cash equivalent has not been disbursed, the trial judge on remand shall consider whether re-valuation is appropriate to determine the most accurate valuation and equitable distribution.  See Gaynor, 11 Va. App. at 593, 400 S.E.2d at 790-91.  In the event that remaining assets have not been disbursed or the cash equivalent has not been paid, then the asset retains its character as marital property and, therefore, any increase or decrease in the value of the marital portion should be determined and proportionately attributed to the parties.  However, to the extent the assets or the cash equivalents have been distributed in accordance with the equitable distribution award, the assets should not be re-valued.

## E.  Award of Attorney's Fees

Wife argues that the trial court erred in failing to reconsider its award of attorney's fees on remand.  Wife asserts that, although we found that the trial court's failure to deduct wife's litigation expenses from the valuation of her accounts was not reversible error and that the award of $50,000 in attorney's fees was not inadequate, the trial court was instructed to reconsider the award of attorney's fees on remand.  Wife contends the trial court should again be instructed to reconsider the award of attorney's fees.

On appeal, we held that the trial judge did not abuse his discretion in refusing to receive additional evidence after the close of the record.  We stated, however, that "in view of our remand of the equitable distribution award and the spousal support award, the trial court should reconsider the attorney's fees award."  Rowe, 24 Va. App. at 146, 480 S.E.2d at 771.  We, therefore, instruct the trial court to reconsider the award of attorney's fees on remand from this appeal.

## F.  Discovery and Evidentiary Hearing

Wife contends the trial court erred by refusing to allow discovery and by refusing to conduct an evidentiary hearing regarding the re-valuation of the newspaper stock, the post-separation increase in the value of other assets, and the award of attorney's fees.  Wife asserts that she was "not given

- 28 -

time to develop evidence through discovery and was not permitted to present evidence to the trial court because the trial court unexpectedly ruled on all issues before allowing for any discovery or an evidentiary hearing." Wife requests that, on remand, the trial judge be directed to permit discovery and hold an evidentiary hearing.

"Generally, the granting or denying of discovery is a matter within the discretion of the trial court and will not be reversed on appeal unless 'the action taken was improvident and affected substantial rights.'" O'Brian v. Langley School, 256 Va. 547, 552, 507 S.E.2d 363, 366 (1998) (quoting Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970)). Because we reverse and remand the case to the trial court for re-valuation of the stock and reconsideration of the spousal support and equitable distribution awards, we need not address whether the court erred in the last remand in failing to permit additional discovery or to conduct an evidentiary hearing. However, because the value of the stock and the classification of the stock's appreciation are material and relevant issues on remand, the parties will necessarily need to conduct discovery and the trial court will necessarily need to conduct an evidentiary hearing.

For the foregoing reasons, we reverse and remand the case to the trial court for such further proceedings as are necessary in accordance with this opinion.

Reversed and remanded.