COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Frank, Huff and Senior Judge Haley


RICKY PARSONS


v.      Record Nos. 2184-12-4


DIANA PARSONS

MEMORANDUM OPINION[*]

RICKY PARSONS                                                        PER CURIAM
                                                                     JUNE 4, 2013

v.      Record Nos. 2352-12-4


DIANA PARSONS


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Brett A. Kassabian, Judge

(Marilyn Ann Solomon, on brief), for appellant.

(Gerald R. Curran; Curran Moher, P.C., on brief), for appellee.


These parties were before this Court last year.  At that time, the Court reversed and

remanded some of the trial court's rulings while affirming other rulings.  Parsons v. Parsons,

No. 1051-11-4, 2012 Va. App. LEXIS 79 (Va. Ct. App. Mar. 20, 2012).  The trial court has since

heard the matter on remand.  Ricky Parsons (husband) appeals from the latest trial court rulings.

Husband argues that on remand, the trial court erred by (1) ordering the sale of his separate

property, namely the former marital residence; (2) awarding Diana Parsons (wife) $331,294 from

husband, when the award originally arose to compensate wife for husband's encumbrance of marital

property for his separate purchases; and (3) assigning a value of $1,562,500 to the Utterback Store

Road property, when that value was over two years old, and the current fair market value is

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

$2,700,000. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

On October 31, 1991, the parties entered into a premarital agreement, which addressed property rights, support, debts, and obligations. The parties married on November 3, 1991 and separated on March 11, 2009.

For three days, the parties presented evidence and argument regarding their interpretations of the pre-marital agreement and how the parties' property should be divided. The trial court announced its rulings on March 3, 2011 and entered a final decree of divorce incorporating those rulings on April 8, 2011. Husband filed a motion to reconsider, which the trial court denied. Then, husband appealed the order to this Court.

On March 20, 2012, this Court affirmed the trial court's ruling in part, reversed in part, and remanded for further proceedings. The Court affirmed the trial court's decision that the Utterback Store Road property was subject to equitable distribution, but reversed the trial court's award of one-half of the equity in the property to wife.[1] The Court further found that husband procedurally defaulted several issues, including his argument that the trial court erred in holding him liable for the debt on the line of credit and ordering him to pay wife $331,294 and his argument that the trial court erred in ordering the sale of the Utterback Store Road property.

On remand, the trial court reversed its ruling regarding the equitable distribution award of the Utterback Store Road property. It held that wife had no interest in the Utterback Store Road property, but would not modify the language in its prior order regarding the sale of the property

---

[1] The Court also reversed the trial court's ruling with respect to the UBS account, and on remand, the trial court reversed its ruling regarding the UBS account. The UBS account is not the subject of this appeal.

because husband procedurally defaulted this issue on appeal. The trial court also determined that since this Court found that husband procedurally defaulted on the issue of the line of credit, it would not reconsider its prior ruling. The trial court issued its ruling from the bench on November 7, 2012.

On November 13, 2012, husband filed a "Motion for Rehearing on the Sale of his Separate Property" and a memorandum in support of his motion. A hearing was held on November 16, 2012 for entry of the remand order, which was entered on that day. The trial court subsequently entered an order denying the motion for rehearing regarding the sale of the real estate on November 27, 2012.

On November 19, 2012, husband filed a "Motion for Rehearing due to Manifest Injustice." On January 4, 2013, the trial court informed counsel that this second motion for rehearing was not brought to its attention within twenty-one days after the entry of the November 16, 2012 order. Therefore, the trial court held that it no longer had jurisdiction to consider the motion.

ANALYSIS

*Motion to Dismiss*

On March 12, 2013, wife filed a motion to dismiss these appeals, to which husband filed a response.

Wife argues that husband did not list the correct record number on his pleadings with the Court. The confusion lies with the fact that husband filed a notice of appeal and an amended notice of appeal. With each notice of appeal, the Court assigned a record number; therefore, there were two record numbers assigned to this appeal. Assuming, without deciding, that husband erroneously referred to an incorrect record number, or did not include a record number, in any of his pleadings, we find that any potential deficiency is not fatal. Wife was aware of the

- 3 -

issues being appealed and filed a brief on those issues. See Watkins v. Fairfax Cnty. Dep't of Family Services, 42 Va. App. 760, 771, 595 S.E.2d 19, 25 (2004) (citation omitted) (the "rules have been designed to protect the appellee, not to penalize the appellant").

The Court also rejects wife's argument that husband's notice of appeal was not timely. On December 3, 2012, he filed a notice of appeal, which stated that he was appealing the "Final Order of this Court entered on November 7, 2012." On December 28, 2012, he filed an amended notice of appeal, which stated that he was appealing "the Ruling of this Court on November 7, 2012, the Order of the Court on November 16, 2012, and the Rulings and/or Orders denying Defendant's Motion(s) to Reconsider entered on or about November 28, 2012." Wife was placed on notice of what husband was appealing. The fact that husband erroneously listed the date of the oral ruling, as opposed to the date of the entry of the order, in his first notice of appeal does not prejudice wife. Furthermore, husband timely noted his appeal of the order denying his motion to reconsider the sale of the house.

In addition, wife argues that husband did not preserve his assignments of error because he sent in his objections to the final order more than twenty-one days after the entry of the order.[2] We agree that we cannot consider the objections submitted to the trial court more than twenty-one days after the entry of the final order. See Rule 1:1 (orders are final twenty-one days after the entry of the order and are no longer subject to the trial court's jurisdiction to modify, vacate, or suspend). Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of

---

[2] Husband argues that he submitted the objections to the trial court on November 16, 2012; however, the record does not include the objections submitted on that date. The record reflects that husband's objections were filed on December 11, 2012, which was more than twenty-one days from the entry of the November 16, 2012 order.

- 4 -

justice." Although attaching objections to a final order is one way to preserve an argument for appeal, it is not the only method. In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). Here, husband's arguments were preserved in his closing argument and "Motion for Rehearing on the Sale of his Separate Property."

Upon consideration thereof, the motion to dismiss is denied.[3]

*Mandate – Assignments of error 1 and 2*

On appeal, husband argues that the trial court erred in ordering the sale of the Utterback Store Road property and awarding wife $331,294 based on the line of credit against the property. Previously, this Court ruled on these exact issues. The Court held that husband waived the issue that "the trial court abused its discretion in ordering the Utterback Store Road property to be sold" because he failed to prove any argument on the issue in his brief. Parsons, 2012 Va. App. LEXIS 79, at *22-23. In addition, the Court found that husband procedurally defaulted the issue of whether "the trial court erred in holding him liable for the entire debt on the line of credit and ordering him to pay wife $331,294" because he cited no legal authority in support of his argument. Id. at *21. On remand, the trial court held that it could not address these issues because it was "required to follow the mandate of the Court of Appeals" and the parties could not relitigate the issues.

"When a case is remanded to a trial court from an appellate court, the refusal of the trial court to follow the appellate court mandate constitutes reversible error." Rowe v. Rowe, 33 Va. App. 250, 258, 532 S.E.2d 908, 912 (2000) (citations omitted).

---

[3] Considering our denial of the motion to dismiss, we will not address husband's argument that wife failed to comply with Rule 5A:2(a)(1).

"[T]he 'mandate rule' forecloses in the remand relitigation of matters decided expressly or impliedly by the appellate court and relitigation of matters addressed by the trial court, but not addressed on appeal." West v. West, 59 Va. App. 225, 233, 717 S.E.2d 831, 834 (2011).

Husband is raising the same issues on appeal now that were addressed in the prior appeal. This Court already held that husband waived the issues of the sale of the house and the payment of the credit line. Therefore, the trial court was correct that husband could not relitigate those issues because this Court had expressly decided them.

*Ends of justice exception – Assignment of Error 2*

Husband asks that this Court consider his argument regarding the $331,294 payment to wife based on the ends of justice exception to Rule 5A:18.[4] He argues that he should not be penalized for his prior attorney's procedural error. As a result of the attorney's procedural error, husband contends wife will receive "an unjust windfall."

The ends of justice exception applies to Rule 5A:18 and objections made at trial. It does not apply to Rule 5A:20(e) and an attorney's failure to cite to legal authorities to support an argument. Accordingly, we will not reconsider his arguments.

*Re-valuation – Assignment of Error 3*

At the hearing on November 16, 2012, husband disagreed with the proposed remand order, which stated that the Utterback Store Road property had a stipulated value of $1,562,500. He explained that the stipulated value was approximately one and a half years old, and he did not agree to the value. He alleged that the current value was $2,700,000, but offered no proof of the current value. The trial court entered the proposed order as it was presented.

---

[4] Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

On appeal, husband contends the trial court erred by assigning the $1,562,500 value to the Utterback Store Road property, as opposed to the current value of $2,700,000. Husband relies on the holding in Rowe, 33 Va. App. 250, 532 S.E.2d 908, to support his argument.

In Rowe, the Court held:

> Where an asset that is subject to equitable distribution is retained by one of the parties for a period of time after valuation but before the equitable division occurs and the asset significantly increases or decreases in value during that time through neither the efforts or fault of either party, neither party should disproportionately suffer the loss or benefit from the windfall. *Under those circumstances, a trial court abuses its discretion by failing to re-value the property when a party has made a timely motion to do so and is prepared to present evidence on the issue.*

Id. at 264-65, 532 S.E.2d at 915 (emphasis added). The Court in Rowe also cited Code § 20-107.3(A), which states, "Upon motion of either party made no less than twenty-one days before the evidentiary hearing the court may, for good cause shown, in order to attain the ends of justice, order that a different valuation be used."

Unlike the wife in Rowe, husband did not file a timely motion to re-value the Utterback Store Road property. The Court issued its opinion on March 20, 2012, and on November 7, 2012, the trial court heard the case on remand. The trial court asked wife's counsel to prepare an order reflecting the stipulated value of the Utterback Store Road property. Husband did not object. After issuing its ruling, the trial court ordered that the parties return on November 16, 2012 to present the remand order. On November 13, 2012, three days before the hearing for entry of the order, husband filed a "Motion to Obtain Fair Market Value for the Sale Price of his House."[5] Husband made his argument to the trial court about the need for a current value for the Utterback Store Road property at the hearing on November 16, 2012. He did not present any

---

[5] Husband's motion is not contained in the appendix pursuant to Rule 5A:25; however, it is in the trial court's record.

evidence on the current value of the property, only his statement that "the current value is 2.7 million."

Since husband did not file a timely motion and did not present evidence of the current value, the trial court did not abuse its discretion by refusing to re-value the property.

*Attorney's fees*

Both parties have requested an award of attorney's fees incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees, and we remand for the trial court to set a reasonable award of attorney's fees incurred by wife in these appeals, including those fees incurred on remand for the determination of appellate fees. We deny husband's request for attorney's fees.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand for the trial court to enter an order in accordance with this Court's March 20, 2012 order concerning the Utterback Store Road property. We also remand this case to the trial court for determination and award of the appropriate appellate attorney's fees.

Affirmed and remanded.