COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges O'Brien, Malveaux and Frucci


APRIL D. GALLOP

v.      Record No. 1524-24-2

CAMERON BAY HOMEOWNERS ASSOCIATION

APRIL D. GALLOP

v.      Record No. 1525-24-2

CAMERON BAY HOMEOWNERS ASSOCIATION                 MEMORANDUM OPINION*
                                                       PER CURIAM
APRIL D. GALLOP                                     OCTOBER 14, 2025

v.      Record No. 1526-24-2

CAMERON BAY HOMEOWNERS ASSOCIATION

APRIL D. GALLOP

v.      Record No. 1527-24-2

CAMERON BAY HOMEOWNERS ASSOCIATION


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Steven C. McCallum, Judge

(April D. Gallop, on briefs), *pro se*.

No brief for appellee.


In these consolidated appeals, April Gallop challenges the Circuit Court of Chesterfield

County's orders awarding appellate attorney fees to Cameron Bay Homeowners Association

following a remand from this Court.  Gallop argues that the circuit court violated her due process

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

rights and erred in classifying her defenses in the underlying matters as non-meritorious. Gallop also claims that Cameron Bay's request for appellate attorney fees was untimely. Gallop also challenges the circuit court's attorney fees award. Finding no error in the circuit court's judgment, we affirm.[1]

## BACKGROUND

Under familiar appellate principles, we defer to the circuit court's factual findings and state the facts in the light most favorable to Cameron Bay, the prevailing party below. *Koons v. Crane*, 72 Va. App. 720, 732 (2021).

Gallop and Cameron Bay have been in litigation since 2016, after Cameron Bay filed warrants in debt alleging that Gallop failed to pay required homeowners assessments. This Court previously affirmed the circuit court's orders in favor of Cameron Bay, granted Cameron Bay's motions for appellate attorney fees, and remanded the matters to the circuit court to determine and award appropriate appellate attorney fees. *Gallop v. Cameron Bay Homeowners Ass'n*, Nos. 0687-22-2, 0708-22-2, 0710-22-2, slip op. at 7 (Va. Ct. App. Jan. 12, 2023); *Gallop v. Cameron Bay Homeowners Ass'n*, No. 1715-22-2, slip op. at 4-5 (Va. Ct. App. June 6, 2023).

Cameron Bay moved to schedule a hearing on the appellate attorney fees, which Gallop opposed. But in her filing, Gallop also requested an evidentiary hearing, as well as a motion to compel Cameron Bay to release business documents relating to their homeowners association meetings. The circuit court held one hearing on the appellate attorney fees that this Court awarded in all four matters.[2] Cameron Bay called two witnesses; Gallop cross-examined both and objected

---

[1] After examining the appellant's briefs and records in these cases, the panel unanimously holds that oral argument is unnecessary because "the appeal[s are] wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Moreover, because no oral argument was heard in these cases, Gallop's motions for accommodation under the Americans with Disabilities Act are moot.

[2] Gallop submitted a consolidated written statement of facts in lieu of a transcript of the proceedings in the circuit court. Rule 5A:8(c).

throughout the hearing. The circuit court denied Gallop's "various objections and oppositions" and directed Cameron Bay to provide a binder of attorney fee invoices and billing records; the circuit court did not specify a time limit to supply the binder. Twenty-two days after the hearing, Cameron Bay presented a binder of itemized attorney fees and costs, amounting to $5,364.16, $3,414.66, $3,410.16, and $6,338.32, respectively.

The circuit court entered separate judgment orders awarding $5,364.16, $3,414.66, $3,410.16, and $6,338.32, respectively, for appellate attorney fees and costs. The circuit court held that Cameron Bay had prevailed in the circuit court and in this Court and that Gallop had asserted several unmeritorious defenses, which "complicated a very simple case." Cameron Bay produced detailed and itemized proof of the time and labor expended, and the circuit court found that the hourly rate was below market rate. Gallop appeals.

## ANALYSIS

### I. Factual Findings

"Employing the most deferential standard of appellate review, we reverse factual findings 'only if plainly wrong or not supported by credible evidence.'" *Nielsen v. Nielsen*, 73 Va. App. 370, 383 (2021) (quoting *Broadhead v. Broadhead*, 51 Va. App. 170, 181 (2008)). On appeal, Gallop challenges the circuit court's holding that her defenses lacked merit. She argues there was merit in her defenses of standing, procedural compliance, and evidentiary support, as well as challenged "factual inaccuracies and legal deficiencies" in Cameron Bay's arguments. Gallop also contends that the circuit court violated her due process rights because it disregarded her defenses and thereby failed to provide her a fair opportunity to participate in the proceedings. We disagree.

In determining the amount of appellate attorney fees to award, the circuit court considered the nature of the case involved: a collection action against Gallop by Cameron Bay for homeowners association assessments. The circuit court concluded that Gallop had asserted several

non-meritorious defenses in the underlying litigation, which "complicated a very simple case." Given that Gallop did not prevail in that litigation, *see Gallop*, Nos. 0687-22-2, 0708-22-2, 0710-22-2; *Gallop*, No. 1715-22-2, we find no error in the circuit court's finding that Gallop's defenses in those cases were non-meritorious.

To the extent that Gallop's arguments challenge the underlying merits of these matters, we have already considered and affirmed the circuit court's holdings regarding Gallop's defenses, thereby foreclosing relitigation of these issues. The law of the case doctrine provides that "[w]here there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." *Rowe v. Rowe*, 33 Va. App. 250, 262 (2000). "To allow a trial judge to disregard the holding of a previous panel would be an inefficient administration of justice, increasing the 'labor of appellate courts and the costs to litigation.'" *Id.* (quoting *Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 621 (1917)).

Likewise, Gallop also appears to challenge the circuit court's own award of attorney fees stemming from the earlier circuit court proceedings. As we did not instruct the circuit court on remand to address its own award of attorney fees, it did not err by declining to reconsider this issue.

II. Timeliness of Attorney Fee Request

We review the interpretation of statutes and the Rules of the Supreme Court de novo. *Muse Constr. Grp., Inc. v. Com. Bd. for Contractors*, 61 Va. App. 125, 130 (2012) (en banc). Under Rule 5A:30(b), "this Court may award to a party who has made such request, all of their attorney fees, or any part thereof, or remand the issue for determination as directed in the mandate." We invoked our authority to remand the matter for the circuit court to determine an appropriate fee award. Rule 5A:30(b)(2)(B).

Gallop argues that Cameron Bay's attorney fee request was untimely under Rule 1:1A.[3] But in these cases, this Court awarded Cameron Bay attorney fees under Rule 5A:30(b). *Gallop*, Nos. 0687-22-2, 0708-22-2, 0710-22-2, slip op. at 7. Rule 5A:30 does not require the appellee to file an application within 30 days, so we reject Gallop's argument.

III. Waiver

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Rule 5A:18 applies to bar even constitutional claims." *Clark v. Commonwealth*, 78 Va. App. 726, 767 (2023) (quoting *Farnsworth v. Commonwealth*, 43 Va. App. 490, 500 (2004)). "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Id.* at 766-67 (alterations in original) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Gallop contends that the circuit court violated her due process rights by permitting Cameron Bay's counsel to submit a binder of attorney invoices and billing records after the hearing because

---

[3] Under Rule 1:1A, a prevailing appellee who recovered attorney fees in the circuit court may make application in the circuit court for attorney fees, costs, or both incurred on appeal. To obtain an award under this Rule, the appellee must file the application within 30 days after the entry of a final appellate judgment. Rule 1:1A; *see also Sidar v. Doe*, 80 Va. App. 579 (2024) (applying Rule 1:1A).

she was unable to respond to the evidence.[4] Gallop also claims the circuit court violated her due process rights by giving Cameron Bay ample time to present their case, while denying Gallop reasonable accommodations and a reasonable deadline to object. Although Gallop made several objections during the circuit court hearing, there is no indication in the record that Gallop objected to the circuit court's instruction during the hearing that Cameron Bay submit invoices to establish the fees and costs. Cameron Bay submitted the binder 22 days after the hearing, and almost 2 months before the circuit court issued its final order. Thus, Gallop had ample time to object to the filing before the circuit court rendered judgment. Nothing in the record suggests that Gallop objected to the contents of the binder during this time. Moreover, the circuit court ordered Gallop to file any objections to the final order, which was entered on August 14, 2024, within 14 calendar days from the date of entry of the order. Gallop failed to file her objections within this timeframe. Accordingly, we find her objections untimely.

"To be timely, an objection must be made when the occasion arises—at the time the evidence is offered or the statement made." *Cortez-Hernandez v. Commonwealth*, 58 Va. App. 66, 76 (2011) (quoting *Marlowe v. Commonwealth*, 2 Va. App. 619, 621 (1986)). Therefore, we find this argument is not preserved for review. *See* Rule 5A:18. Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, Gallop has not invoked either exception, and we do not consider them sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[4] Gallop also contends that the circuit court erred in denying her motion to compel and for an evidentiary hearing. Both claims lack merit. The circuit court conducted a hearing, and the documents Gallop sought to compel—documents related to Cameron Bay's Homeowner Association—were not relevant to determining appellate attorney fees and costs, which was the only matter before the circuit court following our remand.