SURRY LUMBER COMPANY V. J. F. WELLONS; ET AL.

March 17, 1921.

1. EQUITY—*Jurisdiction—Timber Contract—Threat by Grantor to Sue Grantee if He Cuts Timber Conveyed by Deed—Case at Bar.*—Grantee in a timber deal filed a bill in equity asking for decree, adjudging that the grantee had the right to remove the timber under the deed, and that the grantors had no title or interest in the timber, and that the grantors should be enjoined from cutting or removing any of the timber or claiming any rights therein, or in any wise interfering with the grantee ·in its rights to cut and remove the timber. The bill alleged that the grantors had warned grantee not to remove the timber, and that the grantors were intending to cut the timber themselves, and were threatenting if grantee cut or removed the timber to sue grantee for trespass. The bill did not charge that there would be any physical or forcible resistance to the cutting and removal of the timber if undertaken by the grantee, nor was there any allegation that the grantors had in any way invaded the grantee's alleged possession of the timber. The lower court dismissed the bill for want of jurisdiction.

   *Held:* No error.

2. EQUITY—*Cloud on Title—Construction of Instrument by Court of Equity to Determine Legal Rights of Parties.*—A court of equity will not undertake to construe even a will merely for the purpose of determining the legal rights of the parties.

3. EQUITY—*Cloud on Title—Construction of Deed to Forestall Future Litigation.*—The jurisdiction to remove clouds from title is founded upon the necessity for cancellation or removal of some instrument or proceeding in writing constituting a cloud and in the exercise of that jurisdiction a court of equity will not construe a deed under which the complainant claims, merely to forestall future litigation.

4. APPEAL AND ERROR—*Amendment of Decree by Appellate Court.*—The decree appealed from dismissed the bill in general terms, and it was contended by appellant that, if otherwise proper,

it should have stated that the dismissal was without prejudice ·to any future action which the plaintiff might be advised to take. Inasmuch as the record showed upon its face that the sole ground of the demurrer was the want of jurisdiction in equity, the legal effect of the decree would doubtless be the same as if the qualification suggested had been inserted therein. However, the order of the Supreme Court of Appeals affirming the decree of the lower court contained an amendment in that respect.

Appeal from a decree of the Circuit Court of Southampton county.  Decree for defendants.  Complainant appeals.

*Affirmed.*

The opinion states the case.

*Williams & Tunstall* and *J. N. Sebrell, Jr.,* for the appellant.

*Lewis & Harris* and *J. G. Martin,* for the appellees.

KELLY, P., delivered the opinion of the court.

This is an appeal from a decree dismissing on demurrer a bill in equity brought by the *Surry Lumber Company* v. *J. F. Wellons and others.*

The bill alleges that on the 5th day of April, 1902, the appellant purchased from the appellees certain timber and timber rights as set forth in a deed of that date filed with and made a part of the bill.  The deed contained the following clause:

"And it is further covenanted and agreed by and between the parties hereto, that the said Surry Lumber Company shall have five years in which to cut and remove said timber from the time they commence to manufacture said timber into wood or lumber, but that they shall not be limited

68

as to the time in which they shall commence to cut or re-
move the same."

After referring to and exhibiting the deed, the bill pro-
ceeds with the following allegations, and no others, to-wit:

"Your orator, since the execution and delivery of said
deed, has been in possession of the said timber thereby con-
veyed, and is now in possession of the same; that about six
months ago your orator commenced to prepare to cut and
remove said timber as it had a right to do under the terms
of said deed, and thereupon your orator was notified and
warned by the said defendants not to cut or remove said
timber, as said defendants claimed the right to the said
timber under the provisions and limitations contained in
the deed aforesaid, and objected to your orator's going
upon the fee which they own, and not only objected to the
cutting of the said timber by your orator, but are intend-
ing to cut the timber themselves and thereby destroy the
entire estate of your orator therein, and threatening that
if your orator cut or remove said timber that they would
sue your orator for the trespass.

"Your orator is now ready and anxious to cut and remove
said timber, but it cannot do so peaceably on account of the
attitude of said defendants.

"That the said defendants' claim of the right to cut and
remove said timber under the terms of said deed as con-
strued by them, is a cloud upon the title of your orator
to said timber, and that your orator is entitled to have the
same removed and quieted in order that it may enjoy its
right to said real estate, and to have the said defendants
enjoined from cutting the said timber and from interfer-
ing with your orator in the exercise of its rights."

As appears inferentially from the foregoing allegations,
and as actually disclosed by the brief and arguments of
counsel, the sole question which the complainant seeks to
have determined is as to the meaning of the clause in the

deed above quoted.  The difference between the parties is stated thus in the appellant's petition and brief:  "The contention on the part of your petitioner is that human language could not be more explicit, and that the deed means what it says—namely, that your petitioner should not be limited as to the time in which it should commence to cut or remove the timber.  The defendants claim that the deed does not mean this, and that it means something else— namely, that the timber must be cut within such time as some person, either court or jury, shall determine."

The prayer of the bill is that the court "will enter a decree deciding and adjudging that your orator has the right to cut and remove the said timber, and that the said defendants and neither of them have any right, title or interest in the said timber, and that they be enjoined and restrained from cutting or removing any of said timber or claiming any rights therein, or in any wise interfering with your orator in its rights to cut and remove the same, and for such other, further and general relief as to the court may seem meet."

The defendants demurred on the ground that "the bill does not show any jurisdiction in equity, it merely shows that defendant has threatened to sue plaintiff if plaintiff cuts the timber; it does not show that defendants will make any forcible resistance."  The court sustained the demurrer, and dismissed the bill.

[1]  It is obvious that this is merely a suit for the construction of a deed under which the complainant itself claims title.  The allegations as to future litigation which may flow from an exercise of appellant's rights under the deed as construed by it are not sufficient to bring the controversy within any of the recognized grounds of jurisdiction in equity.  No authority whatever is cited in support of the jurisdiction.  The bill does not charge that there will be any physical or forcible resistance to the cutting and

removal of timber if undertaken by appellant, but merely that the appellees threaten in that event to sue for trespass. Nor is there any allegation that the appellees have in any way invaded the appellant's alleged possession of the timber, but merely a general charge that the appellees intend to cut the timber themselves and thus destroy the estate as a whole. Under these naked facts a court of equity will not undertake to give relief.

[2] The argument principally relied upon for a reversal of the decree is that the construction placed upon the deed by the appellees results in a cloud upon the appellant's title. We will not say that this argument is unworthy of consideration or without inherent strength, but it involves a novel proposition, and one which cannot be maintained unless we are to extend the jurisdiction of equity for the removal of clouds from title to a class of cases which it has not heretofore been held to embrace. A court of equity will not undertake to construe even a will merely for the purpose of determining the legal rights of the parties. *Hart* v. *Darter,* 107 Va. 310, 58 S. E. 590, 15 L. R. A. (N. S.) 599, 13 Ann. Cas. 1. If the relief prayed for in this case can properly be allowed, then it would seem to follow that whenever a muniment of title is of doubtful interpretation the parties claiming, not against it, but directly under it, would be entitled to have possible future controversies under it adjudicated and settled by appealing to equity for advice and guidance. Whether such extension of jurisdiction would be wise is a debated and debatable question; but whether wise or not, the courts would hardly undertake to make the extension without statutory aid.

[3] The case, as it seems to us, is completely controlled by the decision of this court in *Sulphur Mines Co.* v. *Boswell,* 94 Va. 481, 27 S. E. 24, wherein it was held, in a forceful opinion by Judge Riely, that the jurisdiction to remove clouds from title is founded upon the necessity for

cancellation or removal of some instrument or proceeding in writing constituting a cloud; and that in the exercise of that jurisdiction a court of equity will not construe a deed under which the complainant claims, merely to forestall future litigation.

[4]    The decree appealed from dismissed the bill in general terms, and it is contended that even if the decree was otherwise proper, it should have stated that the dismissal was without prejudice to any future action which the plaintiff might be advised to take. Inasmuch as the record shows upon its face that the sole grounds of the demurrer was the want of jurisdiction in equity, the legal effect of the decree would doubtless be the same as if the qualification suggested had been inserted therein; but the order of this court will contain an amendment in that respect, and as thus amended the decree will be affirmed with costs to the appellee as the party substantially prevailing.

*Affirmed.*