# Richmond

NEW YORK, PHILADELPHIA AND NORFOLK RAILROAD FERRY
COMPANY AND THE PENNSYLVANIA RAILROAD COMPANY
v. COMMONWEALTH OF VIRGINIA, EX REL. COUNTIES
OF NORTHAMPTON AND ACCOMACK, VIRGINIA, ET AL.

October 11, 1954.

Record No. 4271.

Present, Hudgins, C.J., and Spratley, Buchanan, Miller, Smith
and Whittle, JJ.

The opinion states the case.

*Benjamin W. Mears, Benjamin W. Mears, Jr., Windsor F.
Cousins, C. A. Turner, Jr.* and *Thomas H. Willcox,* for the
plaintiffs in error.

*J. Lindsay Almond, Jr., Attorney General; C. Champion
Bowles, Assistant Attorney General; B. Drummond Ayres,
Special Assistant to Attorney General; E. Sclater Montague*
and *Baxley T. Tankard,* for the defendants in error.

HUDGINS, C.J., delivered the opinion of the court.

This is an appeal from a judgment imposing a fine of $2,500 upon the New York, Philadelphia and Norfolk Railroad Ferry Company and a fine of $250,000 upon the Pennsylvania Railroad Company for contempt for failure to obey a previous order of the court. This case is a sequel to the case of *New York, Philadelphia and Norfolk Railroad Ferry Company* v. *County of Northampton and others;* hence, the facts stated in that opinion, which is announced simultaneously herewith, are pertinent and should be considered as a part of this opinion. Additional pertinent facts are as follows:

On motion of the county of Northampton and others the trial court issued a rule, returnable May 25, 1953, against the New York, Philadelphia and Norfolk Railroad Ferry Company, the Virginia Ferry Corporation, the New York, Philadelphia and Norfolk Railroad Company, and the Pennsylvania Railroad Company to show cause, if any they could, why they, their officers and directors, should not be punished for contempt "for failure to obey the order of this Court, entered in this proceeding on the 25th day of February, 1953, requiring and directing the New York, Philadelphia and Norfolk Railroad Ferry Company to continue its ferry service without interruption from Cape Charles to Old Point Comfort, Norfolk and return, as existing on the 25th day of February, 1953, and until the further order of this Court."

On or before the return day of the rule, each of the named defendants filed motions and supplemental motions to dismiss the rule, all of which were overruled. On May 21, 1953, the court held that the proceeding on the rule was a criminal proceeding, transferred the case to the law side of the court and ordered "that the style of this contempt proceeding be, and it is hereby, changed as of March 27, 1953, to 'Commonwealth at the relation of the Counties of Northampton and Accomack, Virginia' ", and the named intervenors, "*against* The New York, Philadelphia and Norfolk Rail-

road Ferry Company; The Virginia Ferry Corporation; the New York, Philadelphia and Norfolk Railroad Company; and The Pennsylvania Railroad."

In the same order it was directed that all the papers, including the pleadings, the orders of court and the testimony filed in the case of *New York, Philadelphia and Norfolk Railroad Ferry Company* v. *County of Northampton and others* be made a part of the record in this case, subject to certain exceptions stated in the stipulation of counsel.

When the rule to show cause was called for trial on May 25, 1953, the defendants, Pennsylvania Railroad Company, the New York, Philadelphia and Norfolk Railroad Company, and the New York, Philadelphia and Norfolk Railroad Ferry Company, renewed their respective motions to dismiss and objected to the introduction of any and all testimony on various grounds, among others, (a) that the "order of February 25, 1953, is a null and void order"; (b) that "The Court had no legal authority to render the order of February 25th, as the provisions of Chapter 3 of Title 33 of the Code of Virginia of 1950, which embodies the laws of the State of Virginia governing ferries, does not grant this authority"; (c) that "The order of February 25th is impossible of performance"; (d) that "the Pennsylvania Railroad Company and the New York, Philadelphia and Norfolk Railroad Company . . . were not parties to the proceeding in which the order of February 25th was entered . . . ".

The court overruled the motion to dismiss and the objections to the taking of testimony, and proceeded to hear evidence on behalf of the Commonwealth and the defendants on the issues raised in the contempt proceeding. On consideration of this evidence the court dismissed the rule against the New York, Philadelphia and Norfolk Railroad Company and found the New York, Philadelphia and Norfolk Railroad Ferry Company and the Pennsylvania Railroad Company guilty of contempt, and imposed a fine upon the New York, Philadelphia and Norfolk Railroad Ferry Company in the sum of $2,500 and upon the Pennsylvania

Railroad Company in the sum of $250,000. This appeal brings under review the various decisions of the trial court on the rule to show cause.

We held in the companion case that the trial court had no power or authority to order appellants to continue the ferry service. Appellees contend that even if it be held that the trial court had no such authority, appellants are nevertheless guilty of contempt in disobeying the orders, because the court had jurisdiction of the parties and the subject matter.

In support of this contention appellees cite *Robertson* v. *Commonwealth*, 181 Va. 520, 25 S. E. (2d) 352; *United States* v. *United Mine Workers of America*, 330 U. S. 258, 91 L. ed. 884, 67 S. Ct. 677; and *Local 333B, United Marine Division* v. *Commonwealth*, 193 Va. 773, 71 S. E. (2d) 159. In each of these cases the authority of a court of general jurisdiction was invoked and the orders entered were of the kind usually entered by such courts in the exercise of their inherent power.

In *Robertson* v. *Commonwealth, supra,* we held that a party refusing to obey an order erroneously made, but not reversed, was liable for contempt. There the court had jurisdiction of the parties and of the subject-matter of the suit and the legal authority to make the order. In the case now before us the court lacked the legal authority to enter the order in question.

In *United States* v. *United Mine Workers of America, supra,* the contention was that an act of Congress had specifically prohibited a court of general jurisdiction from exercising such usual and inherent power.

In *Local 333B, United Marine Division* v. *Commonweath, supra,* it was held that an order issued by a court of competent jurisdiction must be obeyed until it be reversed by orderly and proper proceedings, even though the constitutionality of the act under which the order is issued be questioned.

The principles applied in the cases cited are not applicable to the facts in the case under consideration because the Cir-

cuit Court of Northampton county, in entering the orders in question, was not acting as a court of general jurisdiction, but was acting under specifically limited powers. It had no authority to compel the appellants to continue the operation of the vessel "Elisha Lee" in the ferry service after the date it had been ordered to be removed from such service by the United States Coast Guard. Nor, in the absence of appropriate legislation, did it have power or authority to compel the appellants to expend from $250,000 to $500,000 in constructing, purchasing, or otherwise acquiring another vessel to be used in a business enterprise which experience has proven would result in a substantial financial loss.

For the reasons stated in the companion case, we held that in requiring the Railroad Ferry Company to continue its operation the court acted in excess of its authority, and that portion of the judgment in controversy was void. The well-settled rule is that a void judgment has no legal or binding force or effect, and all proceedings based thereon are themselves invalid. *Buchanan* v. *Buchanan,* 170 Va. 458, 197 S. E. 426, 116 A. L. R. 688; *Robertson* v. *Commonwealth, supra; Farwell* v. *Horton,* 301 Ill. App. 372, 22 N. E. (2d) 958; 17 C. J. S., Contempt, section 14, p. 19. "In other words, a void judgment is regarded as a nullity, and the situation is the same as it would be if there were no judgment. It, accordingly, leaves the parties litigant in the same position they were in before the trial." 31 Am. Jur., Judgments, section 430, pp. 91-92.

This conclusion is decisive of the case; hence, it is unnecessary to decide other contentions made by the parties, or to review the evidence introduced.

The judgment of the trial court holding the two defendants guilty of contempt and imposing fines upon them in the amounts stated is reversed and set aside, and final judgment will be entered in this court dismissing the rule to show cause.

*Reversed and dismissed.*