## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Tara K. Hoben

February 17, 1993

Case No. (Law) 120489

BY JUDGE THOMAS J. MIDDLETON

The defendant, Tara K. Hoben, was issued a Rule to Show Cause on January 12, 1993, to appear before this court and show cause why she should not be adjudged an habitual offender. This matter came before the Court on February 4, 1993, the defendant having failed to appear. Upon consideration of the applicable case law and statutes, and the arguments of the Commonwealth, the information against Tara K. Hoben for adjudication as an habitual offender is hereby dismissed.

At the hearing on February 4, 1993, the Commonwealth introduced into evidence certified copies of Hoben's traffic record and abstracts of her convictions from the Department of Motor Vehicles. The evidence showed that Hoben had been convicted of driving while intoxicated under Fairfax County Code § 82-4-17 on October 11, 1988; of driving while intoxicated under Va. Code § 18.2–266 on May 11, 1989; of driving under revocation/suspension on May 11, 1989; and of driving under revocation or suspension on August 20, 1992.

The Commonwealth conceded that the defendant's first conviction for driving while intoxicated under Fairfax County Code § 82-4–17 should not be considered as one of the three offenses required for an habitual offender adjudication. *See Commonwealth v. Knott*, 11 Va. App. 44 (1990). The Commonwealth argued, however, that this con-

viction should be considered as a "prior offense chargeable under this article." Va. Code § 46.2–351(3).

The significance of this argument is made clear by the language in the second paragraph in Va. Code § 46.2–351(3) which provides as follows:

> Where more than one offense included in subdivision 1, 2 or 3 is committed within a six-hour period, multiple offenses shall, on the first such occasion, be treated for the purposes of this article as one offense *provided the person charged has no record of prior offenses chargeable under this article.*

(Emphasis added.) Since the defendant's two offenses on May 11, 1989, were committed within a six-hour period, these two offenses would be treated as one offense unless the defendant has a record of prior offenses chargeable under Article 9, Chapter 3, of Title 46.2. If the defendant has no such record, then she cannot be declared an habitual offender as she would not have been convicted of the required three enumerated offenses.

It is the opinion of the Court that the defendant's October 11, 1988, conviction for driving while intoxicated under Fairfax County Code § 82–4–17 should not be considered as a "prior offense chargeable under this article." It is clear in Virginia that where a court lacks jurisdiction of the subject matter in a case, the court's judgment is void. *Thacker v. Hubard*, 122 Va. 379 (1918); *Commonwealth v. Lorrilard Co.*, 129 Va. 74 (1921). It is also clear that a court may only acquire subject matter jurisdiction by virtue of the constitution or a valid statute. *Thacker*, 122 Va. 379; *Shelton v. Sydnor*, 126 Va. 625 (1920). It follows, then, that a conviction based on an invalid statute is 'void because the court lacked subject matter jurisdiction.

It is well settled that a void judgment has no legal or binding force or effect, and all proceedings based thereon are themselves invalid. *Ferry Co. v. Commonwealth*, 196 Va. 428, 432 (1954) (citing *Buchanan v. Buchanan*, 170 Va. 458). The void judgment is a nullity and leaves the situation the same as it would be if there were no judgment. *Ferry*, 196 Va. at 432 (citing 31 Am. Jur., *Judgments*, § 430, pp. 91–2).

Accordingly, a void conviction cannot be considered a "prior offense chargeable under" Article 9, Chapter 3, of Title 46.2. For this reason, the defendant cannot be declared an habitual offender as she has not been convicted of the required three offenses under Va. Code

§ 46.2–351. The information against Tara K. Hoben is, therefore, dismissed.