COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Chief Judge Huff, Judges Chafin and Russell
Argued by teleconference


TIMOTHY M. BARRETT

v.      Record No. 1613-14-3

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel.* VALERIE JILL RHUDY BARRETT AND
 VALERIE JILL RHUDY MINOR

|  |  |
|---|---|
|  | MEMORANDUM OPINION[*] BY |
|  | CHIEF JUDGE GLEN A. HUFF |
| TIMOTHY M. BARRETT | MAY 19, 2015 |

v.      Record No. 1614-14-3

COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 *ex rel.* VALERIE JILL RHUDY BARRETT AND
 VALERIE JILL RHUDY MINOR


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
William N. Alexander, II, Judge Designate


Timothy M. Barrett, *pro se*.

Steven R. Minor (Elliott Lawson & Minor, on briefs), for appellee
Valerie Jill Rhudy Minor.

No brief or argument for appellee Commonwealth of Virginia,
Department of Social Services, Division of Child Support
Enforcement, *ex rel.* Valerie Jill Rhudy Barrett.


These cases are the latest in an extensive series of appeals filed by Timothy M. Barrett

("appellant") arising from his divorce from Valerie Jill Rhudy Minor ("appellee") and the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

resulting custody, visitation, and support issues.[1]  The current dispute arose from orders of the

Grayson County Circuit Court ("Grayson Circuit Court") that modified appellant's child support

obligation ("support case") and found appellant in contempt ("contempt case") for failing to pay

past due support.  These two companion cases were appealed to this Court, which affirmed on all

issues but one in the child support case, Barrett v. Commonwealth, Dep't of Soc. Serv., Div. of

Child Support Enforcement ex rel. Barrett, No. 1382-10-3, 2011 Va. App. LEXIS 245, at *7

(Va. Ct. App. July 26, 2011) (remanding "for a recalculation of the [child] support award"), and

reversed on one of appellee's cross-assignments of error in the contempt case, Barrett v.

Commonwealth, No. 1381-10-3, 2011 Va. App. LEXIS 246, at *35-36 (Va. Ct. App. July 26,

2011) (remanding "for a determination of the effective date of modification of the support

order").  Upon remand, the Grayson Circuit Court granted appellant's motion to transfer venue

of the cases to the Circuit Court for the City of Bristol ("Bristol Circuit Court").  The Bristol

Circuit Court, however, dismissed the cases on the ground that it lacked jurisdiction under Code

§ 16.1-296(J).  It is from this dismissal order that appellant appeals, presenting a total of thirty

assignments of error.  Both appeals, however, share fourteen identical assignments of error:

> 1. The [Bristol Circuit C]ourt erred in not disqualifying Mr. Minor
>    as the attorney for appellee . . . for violating the Rules of
>    Professional Conduct.
>
> 2. The [Bristol Circuit C]ourt erred in failing to consider and in
>    not granting petitioner's motion that appellee . . . decide if she
>    would represent herself or have DCSE represent her.

---

[1] Barrett v. Barrett, No. 1123-04-1, 2005 Va. App. LEXIS 168 (Va. Ct. App. Apr. 26, 2005); Barrett v. Barrett, No. 0992-05-3, 2005 Va. App. LEXIS 458 (Va. Ct. App. Nov. 15, 2005); Barrett v. Barrett, No. 0902-06-3, 2006 Va. App. LEXIS 463 (Va. Ct. App. Oct. 17, 2006); Barrett v. Commonwealth, Dep't of Soc. Serv., Div. of Child Support Enforcement ex rel. Barrett, No. 1332-07-3, 2008 Va. App. LEXIS 210 (Va. Ct. App. Apr. 29, 2008); Barrett v. Barrett, No. 0753-10-3, 2011 Va. App. LEXIS 21 (Va. Ct. App. Jan. 25, 2011); Barrett v. Commonwealth, No. 1381-10-3, 2011 Va. App. LEXIS 246 (Va. Ct. App. July 26, 2011); Barrett v. Commonwealth, Dep't of Soc. Serv., Div. of Child Support Enforcement ex rel. Barrett, No. 1382-10-3, 2011 Va. App. LEXIS 245 (Va. Ct. App. July 26, 2011).

3. The [Bristol Circuit C]ourt erred in failing to recuse itself after pre-judging the legal legitimacy of the venue transfer.

4. The [Bristol Circuit C]ourt erred in ruling that Code § 16.1-296(J) provides for exclusive jurisdiction in the [Grayson Circuit Court].

5. The [Bristol Circuit C]ourt erred in not recognizing the [Grayson Circuit Court's] authority to transfer venue under Code § 16.1-243 when read in light of Code § 16.1-296(I).

6. The [Bristol Circuit C]ourt erred in not recognizing the [Grayson Circuit Court's] authority to transfer venue under Code § 8.01-257 *et. seq.* incident to its original jurisdiction granted by an appeal *de novo*.

7. The [Bristol Circuit C]ourt erred in failing to see the issue in this case as venue and not jurisdiction after finding the [Grayson Circuit Court] had jurisdiction.

8. The [Bristol Circuit C]ourt erred in failing to be bound by the rulings of the [Grayson Circuit Court] and this Court on this very issue.

9. The [Bristol Circuit C]ourt erred in failing to recognize that venue is only proper in the City of Bristol, which is where [appellee] and the children reside.

10. The [Bristol Circuit C]ourt erred in failing to apply the doctrine of clean hands to [appellee's] motion to dismiss.

11. The [Bristol Circuit C]ourt erred in denying [appellant] due process when it ruled one way from the bench and then entered an order which was not reflected of that bench ruling.

12. The [Bristol Circuit C]ourt erred in entering a written order that does not reflect its oral order.

13. Assuming the [Bristol Circuit C]ourt was right on the Jurisdiction/Venue issue, [it] erred in dismissing this case rather than declaring the [Grayson Circuit Court] venue transfer orders void and returning the case back to Grayson County for adjudication.

14. The [Bristol Circuit C]ourt erred in failing to deal with the appeal bond, depriving . . . appellant of his property without due process of law.

Additionally, in case No. 1613-14-3, appellant argues that "[t]he [Bristol Circuit C]ourt erred in failing to consider and not granting [appellant's] motion to disqualify DCSE as a party in this case." Furthermore, in case No. 1614-14-3, appellant argues that "[t]he [Bristol Circuit C]ourt erred in denying [appellant] due process by failing to give him notice and opportunity to be heard before dismissing the contempt matter."

In both cases, appellee presents three identical cross-assignments of error:

17. The [Bristol Circuit Court] erred by its failure to specify that the dismissals were "without prejudice."

18. The [Bristol Circuit Court] erred by its failure to enforce the appeal bond, because this Court's denial of [appellee's] mootness motion [in the 2011 appeals] is the law of the case on payment of the arrearage.

19. The [Bristol Circuit Court] erred by its failure to enforce the appeal bond, because [appellant] is the one who is judicially estopped by his successful representations to this Court from claiming that the arrearage was paid.

Additionally, appellee asks this Court to award her attorneys' fees and costs associated with these appeals. For the following reasons, this Court affirms the rulings of the Bristol Circuit Court.

## I. BACKGROUND

"When reviewing a [trial] court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003) (citing Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002)). "That principle requires us to 'discard the evidence' of [appellant] which conflicts, either directly or inferentially, with the evidence presented by [appellee] at trial." Id. (quoting Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002)). So viewed, the evidence is as follows.

On June 4, 2007, the Grayson Circuit Court ordered appellant to pay appellee $1,511 per month in child support ("2007 order"). In 2009, appellee brought an action against appellant in the Grayson County juvenile court ("juvenile court") to enforce the 2007 order, but the juvenile court dismissed appellee's motion. Consequently, appellee appealed to the Grayson Circuit Court. In 2010, the Grayson Circuit Court entered final orders ("2010 orders") slightly modifying appellant's support obligation ("support case"), and fixing his arrearage at $9,896 for unpaid support between January and August of 2009 ("contempt case"). Appellant appealed both of these cases to this Court ("2011 appeals"), causing the Grayson Circuit Court to set an appeal bond in the amount of $12,000.

Before this Court ruled on the 2011 appeals, however, the Department of Child Support Enforcement ("DCSE") brought an enforcement action against appellant, resulting in the juvenile court ordering appellant to pay $22,399.20 to DCSE. Appellant complied with this order ("2011 payment"). Consequently, appellee moved this Court to dismiss appellant's appeal in the contempt case as moot ("mootness motion"). Appellant opposed the mootness motion, however, arguing that he "has not paid . . . [a]ppellee a dime" of the $9,896. Specifically, appellant argued that there was an agreement with DCSE that the 2011 payment was for the "current arrears" as of June 2011, "leav[ing] the issue of what to do with the $9,896 up to this Court."

This Court denied appellee's mootness motion by order dated July 21, 2011. A few days later, this Court ruled on the 2011 appeals. In the contempt case, this Court agreed with appellee's cross-assignment of error regarding the retroactivity of any modification to support and remanded the case "to determine the appropriate date of retroactivity . . . ." Barrett, No. 1381-10-3, 2011 Va. App. LEXIS 246, at *42. In the support case, this Court held that appellant

- 5 -

prevailed on one out of "essentially twenty-seven assignments of error"[2] and remanded the case. Barrett, No. 1382-10-3, 2011 Va. App. LEXIS 245, at *21-22. This Court also awarded appellee attorneys' fees in both cases.

On remand to the Grayson Circuit Court, appellee asked the court to disburse the appeal bond for the costs of appeal and the arrearage, citing appellant's representations to this Court that the arrearage for January through August of 2009 was still unpaid. Responding, appellant argued that the arrearage was paid because the 2011 payment "included the arrears of the present contempt action." The Grayson Circuit Court concluded that appellant had paid the arrearage, but kept the appeal bond on deposit with the Clerk, allowing only disbursement of the costs from the appeals.[3]

In 2011, appellee married Steven R. Minor ("Minor") and moved, with the parties' children, to Bristol, Virginia. Consequently, in August 2012, appellant moved the Grayson Circuit Court to transfer the cases to the Bristol Circuit Court. After a hearing on November 9, 2012, the Grayson Circuit Court granted appellant's motions over appellee's objection.

At a hearing before the Bristol Circuit Court in January 2014 regarding custody and visitation of the children, a case that is also on appeal before this Court,[4] Judge Alexander commented regarding the transfer orders of *a third*[5] case between the parties that was also

---

[2] Specifically, this Court found that "the trial court erred in not including gifts from [appellee's] family and church in her gross income for purposes of computing child support." Barrett, 2011 Va. App. LEXIS 245, at *22.

[3] Appellee filed a petition for writ of mandamus with this Court seeking relief of the Grayson Circuit Court's decision not to order disbursement of the remainder of the appeal bond. This Court denied the petition. Minor v. Circuit Court of Grayson County, Record No. 0102-13-3 (Va. Ct. App. Feb. 25, 2013).

[4] Case No. 0173-14-3.

[5] This third case is not on appeal before this Court.

transferred to Bristol from the Grayson Circuit Court. Specifically, Judge Alexander questioned the validity of the Grayson Circuit Court's venue transfer orders. Two months later, appellee moved the Bristol Circuit Court to dismiss the present cases for lack of subject matter jurisdiction. In response, appellant moved for Judge Alexander of the Bristol Circuit Court to recuse himself on the ground that he had pre-judged the issue at the hearing in January 2014, for Minor to be disqualified as appellee's counsel, and for DCSE to be dismissed as a party to the case.

At the hearing on these motions, Judge Alexander found 1) that the circumstances did not require that he recuse himself, 2) that the Bristol Circuit Court lacked subject matter jurisdiction under Code § 16.1-196(J), and 3) that the transfer orders from the Grayson Circuit Court were "void." By written motion, appellee asked the Bristol Circuit Court to reconsider whether it had the power to rule on the validity of the Grayson Circuit Court's transfer orders given its ruling on subject matter jurisdiction. The Bristol Circuit Court agreed with appellee and, in its written order, explained that "the court has modified the oral ruling and now finds, only, that the court does not have subject matter jurisdiction to try these cases." These appeals followed.

## II. Analysis

### A. Code § 16.1-296(J)

In both of the cases before this Court, appellant presents six identical assignments of error that challenge the Bristol Circuit Court's dismissal of the cases under Code § 16.1-296(J). Specifically, appellant argues that the dismissal of the cases was error because 1) Code § 16.1-296(J) does not provide for exclusive jurisdiction in the Grayson Circuit Court; 2) the Grayson Circuit Court had authority to transfer venue to the Bristol Circuit Court pursuant to Code §§ 16.1-243 and -296(I); 3) the Grayson Circuit Court had authority to transfer venue to the Bristol Circuit Court pursuant to Code § 8.01-257; 4) the issue in this case is one of venue,

not jurisdiction; 5) the Bristol Circuit Court was bound by the ruling of the Grayson Circuit Court transferring venue; and 6) the Bristol Circuit Court failed to recognize that venue is only proper in Bristol.

In order to address appellant's arguments, this Court must first determine what impact Code § 16.1-296(J) has on the Bristol Circuit Court's jurisdiction. "The jurisdiction of a court to provide for child support pursuant to a divorce is purely statutory." Cutshaw v. Cutshaw, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979) (citing Jackson v. Jackson, 211 Va. 718, 719, 180 S.E.2d 500, 500 (1971)). Therefore, these are issues of "statutory interpretation," which present pure questions of law that this Court reviews "*de novo*." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citing Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d 127, 129 (2005)).

"'Jurisdiction is a word of many, too many meanings.'" Williams v. Williams, 61 Va. App. 170, 175, 734 S.E.2d 186, 188 (2012) (quoting United States v. Vanness, 85 F.3d 661, 663 n.2 (D.C. Cir. 1996)). Indeed, the term embraces several concepts including subject matter jurisdiction, which is the authority granted through constitution or statute to adjudicate a class of cases or controversies; territorial jurisdiction or venue, which is authority over persons, things, or occurrences located in a defined geographic area; notice jurisdiction, or effective notice to a party or if the proceeding is *in rem* seizure of a *res*; and "the other conditions of fact . . . which are demanded by the unwritten or statute law as the prerequisites of the authority of the court to proceed to judgment or decree." Farant Inv. Corp. v. Francis, 138 Va. 417, 427-28, 122 S.E. 141, 144 (1924).

> While these elements are necessary to enable a court to proceed to a valid judgment, there is a significant difference between subject matter jurisdiction and the other "jurisdictional" elements. Subject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties. Lucas v. Biller, 204 Va. 309,

313, 130 S.E.2d 582, 585 (1963). A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment. While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void. Barnes v. American Fert. Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925). Likewise, any subsequent proceeding based on such a defective judgment is void or a nullity. Ferry Co. v. Commonwealth, 196 Va. 428, 432, 83 S.E.2d 782, 784 (1954).

Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990).

The above passage from Morrison, "'reflects the long-standing distinction between subject matter jurisdiction, which cannot be granted or waived . . . , and territorial jurisdiction or venue[, which] goes to the authority of the court to act in particular circumstances or places and is waived if not properly and timely raised." Porter v. Commonwealth, 276 Va. 203, 229, 661 S.E.2d 415, 427 (2008). One significant "consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved." Morrison, 239 Va. at 170, 387 S.E.2d at 756 (citing Restatement (Second) of Judgments, § 11 (1980)).

The Supreme Court of Virginia, however, "has recognized a critical distinction between a lack of subject matter jurisdiction and 'the unique statutory framework whereby . . . circuit court[s] *acquire the authority to exercise* their subject matter jurisdiction.'" Marrison v. Fairfax Cnty. Dep't of Family Servs., 59 Va. App. 61, 68, 717 S.E.2d 146, 149 (2011) (emphasis added) (quoting Nelson v. Warden of Keen Mt. Corr. Ctr., 262 Va. 276, 281, 552 S.E.2d 73, 75 (2001)); see also Watkins v. Fairfax Cnty. Dep't of Family Servs., 42 Va. App. 760, 774 n.12, 595 S.E.2d 19, 26 n.12 (2004) ("the term 'jurisdiction' has been loosely used by the Commonwealth's appellate courts to encompass under one 'shorthand' term, the concept of subject matter

- 9 -

jurisdiction and the legally distinct but related concept . . . [of] *the ability of a court to exercise its jurisdiction*" (emphasis added)).

This distinction between a court having subject matter jurisdiction and having *the ability to exercise* subject matter jurisdiction occurs because "where a statutory directive is merely directory and procedural, as opposed to mandatory and jurisdictional, failure to comply with the statutory requirement does not necessarily divest the court of the power to exercise its subject matter jurisdiction." Marrison, 59 Va. App. at 68, 717 S.E.2d at 149-50 (citing Jamborsky v. Baskins, 247 Va. 506, 511, 442 S.E.2d 809, 814 (2008)). "The plain language of a statute determines whether it is mandatory and jurisdictional or directory and procedural." Id. at 69, 717 S.E.2d at 150. Specifically, when the term "shall" is used "in a statute requiring action by a public official, [it] is directory and not mandatory unless the statute manifests a contrary intent." Id. (citing Jamborsky, 247 Va. at 511, 442 S.E.2d at 638). To determine whether a statute "manifests a contrary intent," this Court generally looks to whether the statute's plain language contains "prohibitory or limiting language." Jamborsky, 247 Va. at 511, 442 S.E.2d at 638.

In the present cases, the Bristol Circuit Court had subject matter jurisdiction under Code § 17.1-513, which provides to circuit courts "appellate jurisdiction in all cases, civil and criminal, in which an appeal . . . may, as provided by law, be taken to or allowed by such courts . . . from or to the judgments or proceedings of any inferior tribunal." The exercise of this subject matter jurisdiction, however, is subject to the "'unique statutory framework whereby . . . circuit court[s] acquire the *authority to exercise* their subject matter jurisdiction.'" Marrison, 59 Va. App. at 68, 717 S.E.2d at 149 (emphasis added). Here, that statutory framework is outlined, in part, via the provisions of Code § 16.1-296. This Court has previously held that Code § 16.1-296(D) is "directory and procedural," not "mandatory and jurisdictional." Boatright v. Wise Cnty. Dep't of Soc. Servs., 64 Va. App. 71, 80, 764 S.E.2d 724, 729 (2014) (holding that

- 10 -

Code § 16.1-296(D) is directory and procedural because it directs the judge of the circuit court – that is, a public official – on how to proceed in a case). Notwithstanding, this Court holds that the plain language of Code § 16.1-296(J), which provides that "the appeal *shall* be taken to the circuit court in the same locality as the juvenile court," manifests an intent that the provision be construed as mandatory and jurisdictional, rather than directory and procedural. (Emphasis added.)

Code §§ 16.1-296(A) and -296(J) specify mandatory requirements in the unique statutory framework that must occur before a particular circuit court acquires the authority to exercise its subject matter jurisdiction over a particular case. Specifically, subsection (A) provides that "[f]rom any final order or judgment of the juvenile court . . . an appeal may be taken to the circuit court within 10 days from the entry of a final judgment . . . ." This subsection makes no directive to the court, but rather details the events that must occurr *before* the circuit court can hear the appeal *de novo*. As part of the unique statutory framework to exercise subject matter jurisdiction, "failure to comply with [Code § 16.1-296(A)] *precludes the exercise of jurisdiction* by the circuit court." Blevins v. Prince William Cnty. Dep't of Soc. Servs., 61 Va. App. 94, 101, 733 S.E.2d 674, 678 (2012) (emphasis added). Simply, if an appeal is not taken "within 10 days from entry of a final judgment" by the juvenile court, then the circuit court *cannot* hear the appeal because, although it has subject matter jurisdiction to hear appeals of final orders from juvenile courts, it has not acquired the authority to exercise this subject matter jurisdiction.

Similar to subsection (A), the framework laid out in subsection (J) is mandatory because it is a condition precedent that must exist before the circuit court may exercise its authority. Although Virginia appellate courts have held that the word "shall" is most often directory and procedural instead of mandatory and jurisdictional, this rule applies when the word "shall" is dictating action to be done *by a public official*. Marrison, 59 Va. App. at 69, 717 S.E.2d at 150

- 11 -

("[T]he use of the word 'shall' in a statute *requiring action by a public official*, is directory and not mandatory." (emphasis added)). But the requirements of Code § 16.1-296(J) are not directed at a public official, such as the judge of the circuit court. Rather, it details events that must take place *before* the circuit court can hear an appeal.

Considering these circumstances, the plain language of Code § 16.1-296(J) manifests an intent that, after a case has been transferred to a juvenile court via Code § 20-79(c) like the present cases, only by taking an appeal of that case to "the circuit court of the same locality" does the circuit court acquire the authority to exercise its subject matter jurisdiction. Applying the above principles to the present cases, this Court holds that, although all circuit courts have subject matter jurisdiction to hear appeals from final juvenile court orders, only the Grayson Circuit Court acquired the authority to exercise this jurisdiction in the present cases. Accordingly, the Bristol Circuit Court did not err by dismissing them.[6]

As the Bristol Circuit Court lacked the authority to exercise its subject matter jurisdiction in the present cases, any subsequent order on the merits of the cases would have been "null and void." Williams, 61 Va. App. at 176, 734 S.E.2d at 189. Accordingly, the following assignments of error, which appear verbatim in both cases, are moot:

- The [Bristol Circuit C]ourt erred in failing to consider and in not granting [appellant's] motion that appellee . . . decide if she would represent herself or have DCSE represent her.

---

[6] Notwithstanding, appellant argues, citing to Code §§ 8.01-257, 16.1-243, and 16.1-296(I), that the Grayson Circuit Court had authority to transfer venue of the case to the Bristol Circuit Court. This argument fails because it attempts to use the venue statutes to allow a circuit court to hear a case when it otherwise lacks authority to exercise subject matter jurisdiction. Indeed, it is well-settled that judgments "made without subject matter jurisdiction [are] null and void." Williams, 61 Va. App. at 176, 734 S.E.2d at 189. Appellant also attempts to argue that the Bristol Circuit Court could not dismiss the case because it was "bound" by the Grayson Circuit Court's ruling that transferred venue. This argument, however, ignores the fact that subject matter jurisdiction can be challenged "by all persons, anywhere, at any time, or in any manner." Winslow v. Commonwealth, 62 Va. App. 539, 544, 749 S.E.2d 563, 566 (2013).

- The [Bristol Circuit C]ourt erred in failing to apply the doctrine of clean hands to appellee['s] . . . motion to dismiss.

Additionally, the following assignment of error from Case No. 1613-14-3 is moot:

- The [Bristol Circuit C]ourt erred in failing to consider and in not granting [appellant's] motion to disqualify DCSE as a party in this Case.

## B. Disqualification of Minor

In the first assignment of error of both cases, appellant contends the Bristol Circuit Court erred "in not disqualifying [Minor] as the attorney for appellee . . . for violating the Rules of Professional Conduct."

It is well established that this Court will not consider an argument on appeal which was not presented to the trial court. See Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18). This Court will also decline to consider an argument on appeal if the trial court failed to rule upon appellant's objection below. Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 489 (1998). Indeed, Code § 17.1-405, which provides this Court with "[a]ppellate jurisdiction," provides that an aggrieved party may appeal to this Court from a "final decision of a circuit court," Code § 17.1-405(1), "a final decision of the [commission]," Code § 17.1-405(2), or "a final judgment, order or decree of a circuit court" regarding domestic relations matters, Code § 17.1-405(3). When there is no such final decision, judgment, order or decree regarding a particular issue, then "there is no ruling for [this Court] to review on appeal." Ohree, 26 Va. App. at 308, 494 S.E.2d at 489 (citing Fisher v. Commonwealth, 16 Va. App. 447, 454, 431 S.E.2d 886, 890 (1993)).

In the present case, the circuit court did not rule on whether Minor should be dismissed as appellee's counsel. The Supreme Court addressed a similar circumstance in Riner v. Commonwealth, 268 Va. 296, 601 S.E.2d 555 (2004). In Riner, the defendant objected to a

witness' testimony on the grounds that it contained "double hearsay." 268 Va. at 323, 601 S.E.2d at 570. The specific objections dealt with the second level of hearsay, but the trial court decided that the first level of hearsay was admissible and did not determine whether the second level fell within a recognized exception to the hearsay rule. Id. at 324, 601 S.E.2d at 571. On appeal, the Supreme Court agreed that the testimony contained double hearsay, but held that appellant had waived the issue on appeal by failing to obtain a ruling from the trial court as to the second level of hearsay. Id.

In the present case, appellant failed to obtain a ruling by the circuit court on his motion to dismiss Minor as appellee's counsel. As such, this Court holds that the issue is waived on appeal. See Lenz v. Commonwealth, 261 Va. 451, 463, 544 S.E.2d 299, 306 (2001) (defendant's failure to request a ruling on a pretrial motion waived the issue on appeal).

## C. Judge Alexander's Recusal

In both of the cases, appellant also contends that Judge Alexander abused his discretion by failing to recuse himself. Specifically, he argues that Judge Alexander "pre-judged" the validity of appellee's motion before hearing argument on it.

Under Canon 3(E)(1) of the Canons of Judicial Conduct, "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . [t]he judge has a personal bias or prejudice concerning a party." The Supreme Court has stated that, "in making the recusal decision, the judge must be guided not only by the true state of his impartiality, but also by the public perception of his fairness, in order that public confidence in the integrity of the judiciary may be maintained." Wilson v. Commonwealth, 272 Va. 19, 28, 630 S.E.2d 326, 331 (2006) (internal quotation marks and citation omitted). The burden of proving a judge's bias or prejudice lies with the party seeking recusal, Commonwealth v. Jackson, 267 Va. 226, 229, 590

- 14 -

S.E.2d 518, 519-20 (2004), and we employ an abuse of discretion standard to review recusal decisions, Wilson, 272 Va. at 28, 630 S.E.2d at 331.

At the hearing on his motion to have Judge Alexander recuse himself, appellant and Judge Alexander disagreed regarding the facts relevant to the motion. Specifically, appellant argues that Judge Alexander pre-judged the validity of the Grayson Circuit Court's transfer venue orders in the present cases, but Judge Alexander represented that he was talking about a venue transfer order from another case that is not before us on appeal. Notably, Judge Alexander admitted that if the facts were as appellant asserts, then he "should recuse" himself, but he challenged appellant's factual assertions and concluded that he made no premature judgments regarding the transfer orders *in these cases*.

Appellant did not include a transcript of the proceedings in which Judge Alexander made the allegedly prejudicial statements in the record on appeal. See Anderson v. Commonwealth, 251 Va. 437, 439, 470 S.E.2d 862, 863 (1996) (failing to include a copy of earlier proceedings from another case which form the basis of argument on appeal can result in this Court not considering the merits of the argument). As these proceedings are "essential to our consideration" of appellant's argument, id., this Court declines to consider the merits of appellant's argument, Jackson, 267 Va. at 229, 590 S.E.2d at 519-20; see also Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993) (an appellant must submit a record that enables this Court to determine whether the trial court committed error).

Nevertheless, the record contains credible evidence to support Judge Alexander's version of the facts. Specifically, at the time of his disputed comments, the motion to dismiss the transfer orders in the present cases had yet to be filed and would not be filed for another two months. As such, it would be unlikely that Judge Alexander would be commenting upon the merits of a motion that was not filed. While it may be true that the circumstances of the case in

- 15 -

which Judge Alexander did comment and the circumstances of the present case are similar, a judge's expression of his opinion in a different case does not disqualify him from serving as a judge in all future cases involving similar issues. Slayton v. Commonwealth, 185 Va. 371, 376, 38 S.E.2d 485, 488 (1946).

## D. Oral and Written Orders

In both cases, appellant presents two assignments of error wherein he contends that the Bristol Circuit Court erred by ruling differently in its oral and written orders. Specifically, appellant argues that by issuing a written order that did not reflect the oral order, appellant was denied due process.

Initially, from the bench, the trial court orally ruled that it lacked subject matter jurisdiction and that the Grayson Circuit Court's venue transfer order was void. After adjourning, however, appellee filed a motion for the Bristol Circuit Court to reconsider whether it had the authority to rule that the Grayson Circuit Court's order was void. The Bristol Circuit Court concluded it did not and, therefore, entered a written order stating "only" that it was dismissing the cases for lack of "subject matter jurisdiction."

As an initial matter, appellee contends that this Court should treat appellant's argument on these assignments of error as waived under Rule 5A:20(e) because appellant "failed to cite any authority in support of his position." Rule 5A:20(e) requires that appellant's opening brief include the "principles of law, the argument, and the authorities relating to each assignment of error." Appellant's argument, however, cites not only to the Fifth and Fourteenth Amendments of the United States Constitution, but also to a Virginia Supreme Court case in support of his argument. As such, this Court will discuss the merits of appellant's arguments.

Appellant argues that he "had no notice of the [Bristol Circuit Court's] intention to change its decision on this issue and no opportunity to be heard in challenge of that intention

prior to the final order." Notably, however, appellee's motion for the Bristol Circuit Court to reconsider its ruling raised no argument that was not previously presented at the hearing. As such, appellant had the opportunity to be heard on those issues at the hearing. Furthermore, despite appellant's assertion to the contrary, appellee's motion for the Bristol Circuit Court to reconsider its ruling was served on appellant. Thus, he not only knew that the issue was before the Bristol Circuit Court, but he also had the opportunity to file a brief in opposition, which he failed to do. See Cloutier v. Queen, 35 Va. App. 413, 422, 545 S.E.2d 574, 578-79 (2001) (holding that a mother was not "denied due process when the trial court reconsidered its original ruling without giving her an opportunity to respond to father's motion to reconsider"); Forrest v. Forrest, 3 Va. App. 236, 242, 349 S.E.2d 157, 161 (1986) (holding that "the trial court did not deprive the husband of his constitutional right of due process when it denied, without a hearing, his . . . motion to reconsider).

Therefore, this Court holds that the Bristol Circuit Court did not err by issuing a written order that was different than its oral order. Indeed, any order by the Bristol Circuit Court, beyond simply declaring a lack of authority to exercise subject matter jurisdiction, would have been a "nullity." Virginian Pilot Media Cos., LLC v. Dow Jones & Co., 280 Va. 464, 467-68, 698 S.E.2d 900, 901-02 (2010).

### E. Appeal Bond

In both cases, appellant argues that the Bristol Circuit Court erred in failing to deal with the appeal bond. Additionally, in a cross-assignment of error, appellee argues that the Bristol Circuit Court erred by failing "to enforce the appeal bond, because this Court's denial of [appellee's] mootness motion[, in the 2011 appeals to this Court,] is the law of the case on payment of the arrearage."

"The [law of the case] doctrine, briefly stated, is this: Where there have been two appeals in the same case, between the same parties, and the facts are the same, nothing decided on the first appeal can be re-examined on a second appeal." Rowe v. Rowe, 33 Va. App. 250, 262, 532 S.E.2d 908, 914 (2000). Indeed, "[t]o allow a trial judge to disregard the holding of a previous panel would be an inefficient administration of justice, increasing the 'labor of appellate courts and the costs to litigation.'" Id. (quoting Steinman v. Clinchfield Coal Corp., 121 Va. 611, 621, 93 S.E. 684, 687 (1917)).

The "'mandate rule is merely a specific application of the law of the case doctrine.'" West v. West, 59 Va. App. 225, 230-31, 717 S.E.2d 831, 833 (2011) (quoting Powell v. Commonwealth, 267 Va. 107, 128, 590 S.E.2d 537, 550 (2004)). Specifically, "'it compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court.'" Id.

The appeal bond at issue before this Court in the present cases was set by the Grayson Circuit Court before the 2011 appeals of these same cases. This bond was set, pending appeal to this Court, to cover the arrears that the Grayson Circuit Court initially determined appellant owed appellee in the contempt case. In the 2011 appeals, after finding appellant's arguments to be largely meritless, this Court remanded the case *to the Grayson Circuit Court* for further proceedings that would include disbursement of the appeal bond. After determining that the arrears had been paid in the 2011 payment, however, the Grayson Circuit Court transferred the case to the Bristol Circuit Court before following all of this Court's instructions on remand.

As we did not instruct the Bristol Circuit Court on remand to address the remaining issues from the 2011 appeals, it did not err by declining to do so.[7]

---

[7] Indeed, the Grayson Circuit Court is still required to follow our instructions given on remand in the 2011 appeals. See Barrett, 2011 Va. App. LEXIS 245, at *22; Barrett, 2011 Va.

F.  Dismissal of Contempt Case

In case No. 1614-14-3, appellant contends that the Bristol Circuit Court erred by "dismissing the contempt matter."  Specifically, he argues that the hearing on appellee's motion to dismiss was solely about the support case and, therefore, his right to due process was violated because he was not "provided notice and an opportunity to be heard in the [contempt] matter" before it was dismissed.

This argument is based on a false factual predicate.  At the outset of the hearing on July 11, 2014, in which appellant had a full opportunity to argue the subject matter jurisdiction issue before the Bristol Circuit Court, the judge stated, "the cases that we are talking about today . . . are CJ13000420-00[, which is the support case,] and CJ13000421-00[, which is the contempt matter]."  Accordingly, because both cases were being considered when the parties presented their arguments regarding subject matter jurisdiction and the argument was identical for both cases, appellant's assertions that he did not have an "opportunity to be heard in the [contempt] matter" are without merit.

G.  Dismissal Without Prejudice

In both cases, appellee presents a cross-assignment of error contending that the Bristol Circuit Court should have entered its dismissal order "without prejudice."  Appellee asks that this Court remand the matter with instructions to enter such an order.

"[T]he effect of the words 'without prejudice' and 'with prejudice' in a judgment with respect to its operation as *res judicata*," is that "as a general proposition a judgment of dismissal which expressly provides that it is 'with prejudice' operates as *res judicata* and is conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the

App. LEXIS 246, at *42.  After following these instructions, the Grayson Circuit Court should disburse the appeal bond in accordance with the rights of the parties.

- 19 -

plaintiff." Virginia Concrete Co. v. Board of Supervisors of Fairfax Cnty., 197 Va. 821, 825, 91

S.E.2d 415, 418 (1956) (citing 149 A.L.R. at 553, 625).

In Surry Lumber Co. v. Wellons, 129 Va. 536, 106 S.E. 382 (1921), the Supreme Court

noted that the legal effect of a trial court's dismissal of a case using general terms, without

specifying whether the dismissal was with or without prejudice, was no different than had the

order specifically said without prejudice. 129 Va. at 541, 106 S.E. at 384. Consequently, this

Court will not remand the cases for entry of an order that specifically states, "without prejudice."

### H.  Dismissal Without Transfer

In both cases, appellant presents an alternative argument that even if the Bristol Circuit

Court's decision was correct, the court erred by dismissing the case without "declaring the

[Grayson Circuit Court] transfers void and returning the case back to Grayson County for

adjudication." In the present case, however, the Bristol Circuit Court only had jurisdiction to

determine whether it had jurisdiction. Williams, 61 Va. App. at 176, 734 S.E.2d at 189.

Therefore, any order transferring the case back to the Grayson Circuit Court would have been

void. Ferry Co., 196 Va. at 432, 83 S.E.2d at 784. As such, the Bristol Circuit Court did not err

by dismissing the cases without transferring them back to the Grayson Circuit Court.

### I.  Attorneys' Fees

Lastly, appellee asks this Court to impose attorneys' fees against appellant for these

appeals. Specifically, appellee argues that appellant has pursued "meritless motions" and his

conduct has unnecessarily added to the "complexity, expense, and delay" of the case. The key to

determining a "proper award of [attorney's] fees is reasonableness under all the circumstances."

Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 29 (2001). After considering the

circumstances of this case, this Court denies appellee's request for attorneys' fees.

## III. CONCLUSION

Accordingly, this Court affirms the rulings of the Bristol Circuit Court in each case.

<u>Affirmed.</u>